Joseph H. **LEONARD**, Plaintiff,

v.

**M. I. T. EMPLOYEES' UNION**,
Defendant.

Civ. A. No. 61–525.

United States District Court
D. Massachusetts.

Jan. 29, 1964.

James F. Ryan, Boston, Mass., for plaintiff.

Warren Pyle, Grant, Angoff, Goldman & Manning, Boston, Mass., for defendant.

FRANCIS J. W. FORD, District Judge.

Plaintiff brings this action under the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. §§ 401 et seq. for relief from an allegedly unlawful expulsion from membership in defendant union.

The defendant, M.I.T. Employees' Union (now known as Research, Development and Technical Employees' Union) is the bargaining representative of certain classifications of employees of Massachusetts Institute of Technology in Cambridge and Lincoln, Massachusetts,

and has entered into collective bargaining contracts with the Institute on behalf of these employees. Among these employees are included those engaged in the manufacture of instruments for guided missiles being made under contract with the United States for shipment to missile sites throughout the country.

In June, 1960 plaintiff, Joseph Leonard, at that time a member of the Union in good standing, was served with a copy of certain charges against him, dated June 10, 1960, and reading as follows:

"During the period from June 3, 1960 to June 10, 1960 Joseph H. Leonard has caused to be printed material of an inflammatory, false, malicious and harmful nature against Officers and Representatives of the Union.

"Furthermore, this printed material and his activities have brought harm to the general welfare of the Union and its members.

"Furthermore, he has caused this false, inflammatory, malicious and harmful material to be posted on bulletin boards and distributed at the Massachusetts Institute of Technology Instrumentation Laboratory.

"Furthermore, he has falsely reproduced signatures of Union officials on some of this material.

"Furthermore, he has caused to be defaced official Union notices for the information of the members and altered their contents to give false information, and caused to be affixed by reproduction false signatures thereto.

"Furthermore, he has prevented a Union official from removing this false, forged, inflammatory and malicious material from bulletin boards.

"These activities have taken place during a very crucial time for the Union and its members in such a way as to disrupt the legitimate efforts of the members and Officers to improve the wages and working conditions of the Union's members by negotiation."

These charges as served were unsigned.

Similar charges were served on several other members of the Union.

On September 14, 1960 Leonard and the other members under charges were given a hearing by the executive board of the Union, this hearing being continued on October 27. At the beginning of this hearing the charges against Leonard were signed by Zlochiver, the president of the Union, and one Anastasi, a Union member. It is not clear who originally brought the charges. Leonard's counsel was at one time informed by Hennessey, the Union secretary, that the charges against Leonard were brought by Zlochiver, Anastasi and another member named Knowles. However, Hennessey's testimony in court was that he drew up the specific charges in accordance with a general directive from the Executive Board.

Plaintiff was present at the hearing with his own counsel. Testimony was received in support of the charges. Zlochiver, the president of the Union and a member of the Executive Board, was one of the witnesses in support of the charges, as was the secretary Hennessey, also a member of the Board. Plaintiff had an opportunity to cross-examine witnesses and to present evidence in his own defense.

In December, 1960 plaintiff filed nomination papers as a candidate for the office of president of the Union. In the election, held on February 14, 1961, he was defeated by Zlochiver who was a candidate for reelection.

On February 22, 1961 the Executive Board held a meeting to consider the charges against Leonard and other members of the Union. Eight of the eleven members of the Executive Board were present at the start of the meeting, but before any action was taken on the charges Zlochiver disqualified himself and left the meeting, leaving only seven members of the Board present to consider the charges and take action on

them. These members voted to expel Leonard from the Union and he was so notified by the secretary. Thereafter, on his appeal from the action of the Board he was given a hearing at a general membership meeting of the Union, which after the hearing voted to sustain the action of the Executive Board.

Plaintiff contends that his expulsion from the Union was unlawful because he was not afforded a full and fair hearing as required by § 411(a) (5) (C), that his expulsion was in violation of his rights under § 411(2) to freedom of speech, and that the action of the Executive Board in expelling him was void because of the absence of a quorum.

■ A complete transcript of the hearing before the Union Executive Board is in evidence. Plaintiff contends, and a careful reading of the transcript supports his contention, that no substantial evidence can be found in the record of that hearing, to support a finding that plaintiff was guilty of any of the acts alleged in the charges against him. There is nothing to connect him with the preparation or posting of the material objected to by the union. In fact, the testimony showed that whenever the attention of Leonard as area representative was called to any of the material posted in his area he promptly removed it. The only things in the record to which defendant can now point as purportedly justifying the action of the executive board are such facts as that many of the postings were made on the bulletin board in the area represented by Leonard and that Leonard was opposed to the policies of the then officers of the union. These may offer some basis for suspicion but they fall far short of being substantial evidence to support any finding that Leonard committed any of the acts with which he was specifically charged. Two members of the executive board who testified in this court were questioned as to the grounds on which they concluded Leonard was guilty of the charges made against him. One said he believed him guilty because he had en-

gaged in a fist fight, an incident not involved in the charges. The other said he believed Leonard was guilty because his criticisms of union policy were not constructive. It seems clear that even assuming that the hearings before the executive board complied with all the procedural requisites of a full and fair hearing, the substance of a full and fair hearing was not afforded to plaintiff, that the board did not seriously consider the charges on which he was ostensibly tried but found him guilty despite the lack of any substantial evidence to support them because these charges were only a pretext and the real purpose of the board was to get rid of Leonard because he was an opponent and critic of the union officers and their policies.

■■ However, even assuming that the charges were true and that it had been shown that Leonard had prepared or disseminated the material complained of, such conduct would not justify expulsion from the union, since such conduct would be protected by § 411(2) which provides:

"Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: Provided, That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations."

Even if plaintiff had in fact carried his exercise of his right of free speech to the extent of defaming the officers of the

union, he could not be disciplined by the union on that ground. Salzhandler v. Caputo, 2 Cir., 316 F.2d 445. The union contends that more than the mere exercise of free speech is involved here, since the criticisms referred to in the charges, coming at the time they were made, had the effect of weakening the union at a critical moment in its negotiations with the employer for a new contract, and hence that the union's action here falls within the proviso of § 411(2). Assuming that the union would have the right to adopt and enforce a rule temporarily limiting free expression by members of their views, arguments and opinions at the time of contract negotiations, the union here never purported to adopt any such rule, and the proviso relied upon has no application.

■ The constitution of the M.I.T. Employees' Union provides in Section 3 of Article VI, dealing with the executive board, that, "A quorum shall be two-thirds of the members of the Board." There were only seven of the eleven members of the board present on February 22, 1961 when the board considered the charges against Leonard and voted to expel him. Since no quorum was present, the action of the board was invalid, and hence it appears that Leonard in any event has not been duly expelled in accordance with the union's own constitutional procedure.

■ Plaintiff having been unlawfully expelled from the union and denied the right of free speech guaranteed to him by the statute is entitled to an order dircting the defendant union to reinstate him to membership forthwith and to expunge from its records and dismiss all charges against him, and to an order enjoining permanently the defendant union, its officers, agents, servants and members from interfering directly or indirectly with the plaintiff in his right to speak, publish and disseminate his views on union matters. Plaintiff is not, however, entitled to an allowance of attorney's fees as prayed for in his complaint. McCraw v. United Association of Journeymen and Apprentices, D.C., 216 F.Supp. 655, 664.

Judgment will be entered for plaintiff in accordance with this opinion.