**LOCAL 2, INTERNATIONAL BROTH-
ERHOOD OF TELEPHONE
WORKERS**

v.

**INTERNATIONAL BROTHERHOOD OF
TELEPHONE WORKERS.**

Civ. A. No. 68-73.

United States District Court

D. Massachusetts.

Feb. 5, 1969.

Warren H. Pyle, Angoff, Goldman, Manning & Pyle, Boston, Mass., for plaintiff.

Joseph T. Doyle, Condon, O'Callaghan & Doyle, Boston, Mass., for defendant.

## OPINION

CAFFREY, District Judge.

This is a civil action. Plaintiff, Local 2, International Brotherhood of Telephone Workers, is a labor organization whose 1100 members are employed by the New England Telephone & Telegraph Company as installers and repairmen in the Greater Boston area. Defendant, International Brotherhood of Telephone Workers, is a labor organization composed of a number of local unions whose total membership is about 11,000. Both parties have offices in Boston. Jurisdiction of this court is invoked on the basis of 29 U.S.C.A. § 412 as to Count 1 and 29 U.S.C.A. § 185 as to Count 2.

The following facts appear to be without dispute on the basis of the pleadings and affidavits contained in the file. By vote of the International Executive Council and Local Unions, defendant imposed a general dues increase in 1964, consisting of a 75¢ increase in the per capita tax payable by male members of the Locals, i. e., from $1.50 per month to $2.25 per month, effective September 1, 1964.

The International convention, in June 1965, imposed this same increase in the per capita tax, retroactive to September 1, 1964. Plaintiff brought suit against defendant, reported as Local No. 2, International Brotherhood of Telephone Workers v. International Brotherhood of Telephone Workers, 261 F.Supp. 433 (D.Mass.1966), reversed 362 F.2d 891 (1st Cir. 1966). The Court of Appeals ruled that the dues increase violated the provisions of 29 U.S.C.A. § 411(a) (3), and on remand this Court entered a judgment March 31, 1967 ordering defendant to repay the per capita tax collected from the membership for the period September 1, 1964 through June 30, 1965, in the amount of $7884.25. The judgment provided that this amount was to be paid by the defendant to plaintiff for distribution by plaintiff to its individual members.

The International union held a convention in June 1967, at which the following "resolution and assessment" was passed:

"All Local Unions shall be assessed for payment to the International Office an amount equal to 75¢ per male member per month for each male member in good standing in such Local Unions during the period beginning September 1, 1964 and terminating June 30, 1965 in order to defray the costs of operating the International Union, provided, however, if such Local Union has paid into the International Office during this period a non-refunded per capita tax of $2.25 per male member per month such Local Union shall be credited for the payment of this assessment.

"Local Unions shall be assessed for payment to the International Office an amount equal to 50¢ per female member per month for each female member in good standing in such Local Unions during the period beginning September 1, 1964 and terminating June 30, 1965 in order to defray the costs of operating the International Union provided, however, if such Local Union has paid into the Interna-

tional Office during this period a non-refunded per capita tax of $1.25 per female member per month such Local Union shall be credited for the payment of this assessment."

By letter of January 8, 1968, the International union advised Local 2 that the foregoing assessment had been ratified by the membership of the International union. The letter continued:

"In accordance with said assessment, Local Union #2 is hereby assessed $7,884.25."

On January 25, 1968, the International union withheld the sum of $500.00 from its regular monthly remittance of dues to Local 2. An accompanying letter stated that the $500.00 was withheld in partial payment of the assessment. Local 2 then filed the instant suit and after a hearing a preliminary injunction was entered by this Court barring the defendant from collecting this assessment against Local 2.

The matter is now before the Court on plaintiff's motion for summary judgment. I find, on the basis of the affidavits and pleadings on file, that this "assessment" was imposed as a patently transparent attempt by defendant to circumvent and frustrate the orders of the Court of Appeals and of this Court. It literally is nothing more than a device to force upon Local 2 the per capita tax refunded by defendant only because of prior court orders. It is clear from the papers herein that although in theory all Locals were assessed 75¢ per male member per month, the fact is that the only Union to which a refund was made by defendant was Local 2, and consequently, under the terms of the resolution passed in June 1967, Local 2 is the only union actually required to pay this *soi-disant* "assessment."

In its brief International argues "the proper and only remedy would be to assert the jurisdiction of this court by way of a petition for contempt." The question of contempt is not raised by the pleadings presently before the Court, but *sua sponte* this Court will deal with the question of contempt after the judgment adjudicating the rights of the parties vis-à-vis this "assessment" becomes final, and this Court specifically reserves jurisdiction of the question of contempt of court herein until such time.

Plaintiff's motion for summary judgment should be allowed as to Count 1, there being no issue as to any material fact. Count 2 is dismissed because 29 U.S.C.A. § 185 does not supply jurisdiction to this court to entertain a case not based on a contract between an employer and a union. Cf. Local Division 589, Amalgamated Transit Union, AFL–CIO v. Amalgamated Transit Union, AFL–CIO, (D.Mass. Feb. 4, 1969), 295 F.Supp. 630. Likewise, plaintiff's prayer for a reasonable attorney's fee, under 29 U.S.C.A. § 412, certainly should be allowed.

A subsequent hearing will be held on the issue of the amount of attorney's fee.

Order accordingly.