**Ed KERR, Plaintiff-Appellant,**

v.

**SCREEN EXTRAS GUILD, INC., a corporation, Defendant-Appellee.**

**No. 25467.**

United States Court of Appeals,
Ninth Circuit.

Sept. 20, 1972.

Rehearing and Rehearing In Banc
Denied Nov. 3, 1972.

See also 9 Cir., 466 F.2d 1271.

Richard A. Perkins (argued), Los Angeles, Cal., for plaintiff-appellant.

Robert W. Gilbert (argued), of Gilbert & Nissen, Beverly Hills, Cal., for defendant-appellee.

Before DUNIWAY and HUFSTEDLER, Circuit Judges, and MURPHY,* District Judge.

DUNIWAY, Circuit Judge:

Kerr, a member of defendant Screen Extras Guild, Inc., a labor organization, appeals from the district court's dismissal of his action under 29 U.S.C. §§ 412 and 529. We reverse.

The following facts are not in dispute: Kerr was an unsuccessful candidate for the presidency of the Guild in December 1968. On May 12, 1969, Daily Variety, a

---

* Honorable Thomas F. Murphy, United States District Judge, Southern District of New York, sitting by designation.

motion picture industry trade publication, ran a story which stated that the Guild had been found in violation of the provisions of the Labor-Management Reporting and Disclosure Act which guarantee the rights of union members to campaign for elective office. The newspaper article was based on information supplied by Kerr. The president of the Guild charged Kerr with violating the Guild Constitution and By-laws by causing a false article to be published. A notice of hearing on the charges was issued on August 18, 1969, but the hearing was enjoined by a temporary restraining order from a state court. Another notice of hearing on the same charges was issued on September 23, but that hearing was enjoined by a temporary restraining order issued by the district court in this action which was filed on September 30.

Kerr brought this suit under Title I of the Labor-Management Reporting and Disclosure Act of 1959, charging that union officials were harassing him with threatened disciplinary proceedings in violation of his statutorily-guaranteed right of free expression. 29 U.S.C. §§ 411(a)(2), 412, and 529.[1] The complaint prayed for injunctive relief, compensatory and punitive damages, and recovery of litigation expenses, including reasonable attorney's fees. At the hearing on Kerr's motion for a preliminary injunction, counsel for defendant Guild assured the court that the Guild would take no further action to interfere with Kerr's union membership rights. The court thereupon ordered the action dismissed as moot, except for the issue of an award of litigation expenses to plaintiff. At a later hearing on the reserved issue, an award of litigation expenses was denied on the ground that § 412 did not expressly authorize such an award. The district court also said that even if it were to construe the statute as permitting such an award, it would exercise its discretion to disallow litigation expenses.

1. *Mootness*

■ In his complaint Kerr asked not only for an injunction but also for damages for past infringements and for litigation expenses. Counsel's assurances that no further interference with Kerr's rights would occur permitted the court

1. 29 U.S.C. § 411 reads in pertinent part:
  "§ 411. *Bill of rights; constitution and bylaws of labor organizations.*
  (a) . . . .
  (2) *Freedom of speech and assembly.* Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: *Provided,* That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations."

29 U.S.C. § 412:
  "§ 412. *Civil action for infringement of rights; jurisdiction.*
  Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. . . ."
29 U.S.C. § 529:
  "§ 529. *Prohibition on certain discipline by labor organization.*
  It shall be unlawful for any labor organization, or any officer, agent, shop steward, or other representative of a labor organization, or any employee thereof to fine, suspend, expel, or otherwise discipline any of its members for exercising any right to which he is entitled under the provisions of this chapter. The provisions of section 412 of this title shall be applicable in the enforcement of this section."

to exercise its discretion to refuse injunctive relief. United States v. W. T. Grant Co., 1953, 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303; Walling v. Youngerman-Reynolds Hardwood Co., 1945, 325 U.S. 419, 421, 65 S.Ct. 1242, 89 L.Ed. 1705. However, that did not render the case moot, for the issue of damages and litigation expenses remained. Yablonski v. United Mine Workers of America, D.C.Cir., 1972, 459 F.2d 1201. On remand the court must determine whether defendants violated the provisions of Title I of the Act and, if so, what damages Kerr is entitled to recover. See International Brotherhood of Boilermakers, etc. v. Rafferty, 9 Cir., 1965, 348 F.2d 307, 314–315; Salzhandler v. Caputo, 2 Cir., 1963, 316 F.2d 445, 451; International Brotherhood of Boilermakers, etc. v. Braswell, 5 Cir., 1968, 388 F.2d 193, 199–200 (exemplary damages).

## 2. Litigation expenses

■ The trial court interpreted 29 U.S.C. § 412 as not permitting recovery of attorney's fees. We have not had occasion to decide whether attorney's fees are recoverable in an action brought under § 412. Those courts which have considered the issue are in conflict. After carefully examining the language and legislative history of Title I and relevant legislative policy considerations, we conclude that the Act permits the recovery of litigation expenses, including reasonable attorney's fees, in suits brought pursuant to 29 U.S.C. §§ 412 and 529.

The problem was fully explored by the Third Circuit in Gartner v. Soloner, 3 Cir., 1967, 384 F.2d 348, cert. denied, 390 U.S. 1040, 88 S.Ct. 1633, 20 L.Ed.2d 302. We agree with the reasoning of the court in that case which held that litigation expenses, including attorney's fees, are recoverable in such cases as this. We resist the temptation to examine the problem all over again. The Third Circuit's reasoning is sufficient.[2]

■ Although the trial court expressed the view that, if it had the power to award litigation expenses, it would exercise its discretion to deny them here, we think that Kerr is entitled to reconsideration of the issue on remand. Because the court was convinced that § 412 deprived it of the power to grant litigation expenses, it may not have given adequate attention to the equitable considerations which determine whether such an award should be made or not. For example, the court refused to permit plaintiff's attorney to prove that defendant had acted with malice, a factor which it might have considered important, both on the issue of exemplary damages and on the issue of expenses, including attorney's fees, had it realized

2. The earliest cases which dealt with the issue held that attorney's fees were not recoverable in Title I actions. See Vars v. International Bro. of Boilermakers, etc., D.Conn., 1963, 215 F.Supp. 943, 952, aff'd on a different issue, 2 Cir., 1963, 320 F.2d 576; McCraw v. United Ass'n of Journeymen, etc., E.D.Tenn., 1963, 216 F.Supp. 655, 664, aff'd 6 Cir., 1965, 341 F.2d 705; Cole v. Hall, E.D. N.Y., 1964, 35 F.R.D. 4, 8, aff'd on a different issue, 2 Cir., 1967, 339 F.2d 881; Leonard v. M.I.T. Employees' Union, D. Mass., 1964, 225 F.Supp. 937, 940; Magelssen v. Local Union 518, Operative Plasterers' and Cement Masons' International Ass'n., W.D.Mo., 1965, 240 F. Supp. 259, 263; Jacques v. Local 1418, International Longshoremen's Ass'n., E. D.La., 1965, 246 F.Supp. 857, 859; Bailey v. Netter, E.D.La., 1967, 266 F.Supp.

165. However, since the Third Circuit decided to the contrary in Gartner v. Soloner, supra, the clear trend has been to hold that a trial judge has the discretionary power to award attorney's fees to a § 412 plaintiff. See Burch v. International Ass'n of Machinists, etc., 5 Cir., 1971, 454 F.2d 1170, 1171; Robins v. Schonfeld, S.D.N.Y., 1971, 326 F.Supp. 525, 531; Cole v. Hall, E.D., N.Y., 1971, 66 L.C. ¶ 11,053; White v. King, E.D. La., 1970, 319 F.Supp. 122; Cefalo v. International Union of District 50, United Mine Workers of America, 1970, 311 F.Supp. 946, 955; Local 2, International Bro. of Telephone Workers v. International Bro. of Telephone Workers, C.D. Mass., 1969, 295 F.Supp. 1178, 1180, aff'd on a different issue, 1 Cir., 1969, 416 F.2d 414; Sands v. Abelli, S.D.N.Y., 1968, 290 F.Supp. 677.

that it was empowered to make the award. On remand the district court will exercise its discretion and determine whether Kerr is entitled to recover his litigation expenses. In so doing, the court should take into account the fact that it was only after this action was brought that the defendant decided to stop the conduct complained of. In that sense, the action was effective in procuring relief, even though no injunction was issued.

Reversed and remanded.

Judge MURPHY dissents from Part 2 of the foregoing opinion for the reasons stated by Judge Nealon in his dissenting opinion in Gartner v. Soloner, 3 Cir., 1967, 384 F.2d 348, 356–357.