**Ray TALAVERA, Plaintiff,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, WAREHOUSE HELP-ERS OF AMERICA, LOCAL 85, et al., Defendants.**

**No. 71–531 ACW.**

United States District Court,
N. D. California.

Nov. 20, 1972.

156

Lloyd E. McMurray, San Francisco, Cal., for plaintiff.

Brundage, Neyhart, Grodin & Beeson, by Duane B. Beeson, San Francisco, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING PART OF COMPLAINT AS MOOT, PART FOR LACK OF JURISDICTION, AND DENYING DEFENDANTS' MOTION TO STRIKE THE FOURTH CAUSE OF ACTION

WOLLENBERG, District Judge.

*History*

On April 1, 1971, Talavera filed his first amended complaint seeking injunctive and other relief under the provisions of 28 U.S.C. §§ 1331 and 1337, and 29 U.S.C. § 412. Talavera contended that he had been duly nominated for the office of Recording Secretary and Business Manager of Local 85, International Brotherhood of Teamsters, Warehouse Helpers of America, but that defendant Richardson and other officers of the union had not put his name on the ballot. Talavera contended, in arguing for temporary and permanent injunctions preventing defendants from opening or counting any of the ballots, that his rights under Title I of the Labor-Management Reporting and Disclosure Act

(LMRDA) 29 U.S.C. § 411 et seq. had been violated. The bases of Talavera's allegations fall into two general categories: (1) the election procedures relating to the method of nomination, date of the election, and method of voting violated the Union's constitution and by-laws, and (2) Talavera's name was improperly kept off the ballot on the excuse that he had been suspended and/or expelled from the union. Talavera alleged that the disciplinary action taken against him was improper for reasons relating to the composition of the hearing board and the nature of the charges.

At the time that Talavera filed his complaint, the disciplinary measures taken against him had been affirmed by the Executive Board of International Brotherhood of Teamsters Joint Council No. 7. Subsequently, the General Executive Board of the International Brotherhood reversed that decision and ordered that Talavera be reinstated as a member in good standing of Local 85. That order was sent to Local 85 on April 20, 1971.

On April 15, 1971, this Court denied plaintiff's application for a preliminary injunction on the grounds that the pre-election relief sought was available only under Title IV of the LMRDA.[1]

The election was completed in April, 1971, and defendant Richardson was voted out of office. The Court now has before it defendants' motions for summary judgment, motions to strike portions of the complaint, a motion for leave to file a supplemental answer, and objections to a jury trial.

### Review of the Election Procedures

■ Insofar as plaintiff has asked the Court to review the election procedures followed in March and April, 1971, and to set standards for future elections, this Court's ruling on the preliminary injunction is dispositive. The relief sought is available only under Title IV

of the LMRDA. Consequently, the Court does not have jurisdiction to consider the issues raised either on behalf of plaintiff individually, or the alleged class of which plaintiff is a member. Insofar as the claims raised in the first, second and third causes of action are addressed to the election procedures, these causes of action are dismissed for lack of jurisdiction.

### Review of Disciplinary Actions Taken Against Plaintiff

■ Insofar as the first and third causes of action ask the Court to address the question of plaintiff's status as a member in good standing of Local 85, and seek a declaration of plaintiff's eligibility to run for office in the election of April, 1971, these causes of action are dismissed as moot.

### Damages

The fourth cause of action sets forth claims for damages caused by "severe and grievous mental and physical anguish and distress" in the amount of $20,000, as a result of defendants' breach of the union constitution and by-laws, and violations of Title I, and for his expenses and attorneys' fees. These claims were not mooted by the completion of the election. Yablonski v. United Mine Workers of America, 148 U.S. App.D.C. 177, 459 F.2d 1201 (1972). Defendants contend that the essence of these claims sounds in contract, and presents no federal question. Defendant Richardson contends that as to him, these claims, as well as the entire complaint, should be dismissed because he is no longer Recording Secretary and Business Manager of Local 85, and cannot be sued individually. Neither of these contentions is well taken.

■ Fairly construed, plaintiff's complaint alleges violations of § 101(a)(1), (2), and (5)(C), 29 U.S.C. § 411(a)(1),

1. Section 402(a), 29 U.S.C. § 482(a) of that Title provides that the only relief available apart from union procedures, to one who believes the requirements of that Title had been violated is the filing of a complaint with the Secretary of Labor.

(2), and (5)(C).[2] Section 102 of the Act, 29 U.S.C. § 412 provides that:

"Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. . . ."

This Court has jurisdiction to hear a complaint for damages caused by violations of Title I. Kerr v. Screen Extras Guild Inc., 466 F.2d 1267 (9th Cir. Sept. 20, 1972).

■ Defendant Richardson's contention that he may be sued only in his official capacity is based upon Cox v. Hutcheson, 204 F.Supp. 442 (S.D.Ind. 1962). That case is inapposite because the relief sought there was injunctive only; since the defendants had left office when the suit was filed, they could not comply with the terms of the requested injunction. Hence, injunctive relief was denied. In the case at bench, on the other hand, plaintiff seeks damages for alleged violations of his rights under § 101 perpetrated by defendant Richardson during his tenure as Recording Secretary and Business Manager. Nothing in the Act supports a narrow construction that would limit liability to officers who remain in office until suit is brought against them.

■ Defendants further contend that plaintiff's claim for damages should be barred under § 101(a)(4) of the Act, 29 U.S.C. § 411(a)(4), which provides that

"any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof . . . ."

Defendants contend that plaintiff received the remedy to which he was entitled from the union, and that this remedy should be the exclusive remedy available to plaintiff. We need not reach the question of whether plaintiff's union remedies should be exclusive for in this case, the hearing procedures were not completed within the four month period required by the Act. Hence, plaintiff was entitled to file this action when he did so.

Defendants' final contention on the recovery of compensatory damages is that under International Brotherhood of Boilermakers, etc. v. Rafferty, 348 F.2d 307 (9th Cir. 1965), damages for mental anguish cannot be recovered. In Rafferty, the court held: "we believe that emotional distress, standing alone, does not constitute a sufficient basis for the awarding of damages under the section." (348 F.2d at 315) The district court in Rafferty, however, had specifically found that Rafferty suffered no damages in the form of physical pain and suffering. It would be premature for the Court to make such a finding in the present case at this time.

■■ The general rule is that "in suits under section 102 of the LMRDA the plaintiff may recover for all damages directly and proximately resulting from the violation of the Act." Simmons v. Avisco, Local 713, Textile Workers Union of America, 350 F.2d 1012, 1019 (4th Cir. 1965); McCraw v. United Ass'n of Journeymen & App. Plumbing, etc., 341 F.2d 705, 710 (6th Cir. 1965); Vars v. International Brotherhood of Boilermakers, Etc., 215 F.Supp. 943, 952 (D.Conn.) aff'd, 320 F.2d 576 (2d Cir. 1963). In Simmons, supra, the court found that a complaint alleging injury to reputation coupled with emotional distress was sufficient to state a cause of action. Rafferty was distinguished since the complaint was not for

---

2. In his Memorandum in Opposition to Defendants' Motion for Summary Judgment, etc., plaintiff contends for the first time that the fourth cause of action—the only one stating a claim for damages—is based upon state law, rather than the LMRDA. Plaintiff's complaint makes no reference to California law. The Court will not, therefore, construe this aspect of the case as being limited to or dependent on state law.

emotional distress standing alone. Similarly, in the present case, plaintiff has alleged physical as well as mental injury. *Rafferty* thus does not apply.

Defendants also attack plaintiff's request for reasonable expenses and attorneys' fees as being unrecoverable under § 412. The recent decision of Kerr v. Screen Extras Guild, Inc., 466 F.2d 1267 (9th Cir. Sept. 20, 1972), relying on Gartner v. Soloner, 384 F.2d 348 (3d Cir. 1967), cert. denied, 390 U. S. 1040, 88 S.Ct. 1633, 20 L.Ed.2d 302 (1968), holds that "the Act permits the recovery of litigation expenses, including reasonable attorney's fees, in suits brought pursuant to 29 U.S.C. §§ 412 and 529." That holding is binding on this Court. Hence defendants' motion to strike the fourth cause of action is denied. Insofar as defendants' other motions to strike and motion for summary judgment are inconsistent with the rulings above, they are denied.

*Defendants' Supplemental Answer*

Defendants' motion to file a supplemental answer setting forth facts which have occurred since the filing of their original answer is granted. Rule 15(d), Fed.R.Civ.Pro.

*Motion For Order Denying Jury Trial*

Defendants contend that a jury trial is not available over the objection of an opposing party in a suit governed by § 102 of the LMRDA, citing McCraw v. United Ass'n of Journeymen and Apprentices, 341 F.2d 705, 709–710 (6th Cir. 1965). In *McCraw* the court characterized the proceeding as one in equity for reinstatement, with damages merely an incident to relief, and therefore held that a jury trial was not proper. The court also stated that a § 412 proceeding was unknown at common law, and therefore not within the guarantee of the Seventh Amendment.

Subsequent to the *McCraw* decision, courts in at least three circuits have held that a jury trial is available when compensatory damages are sought. International Brotherhood of Boilermakers, etc. v. Braswell, 388 F.2d 193, 197–198 (5th Cir. 1968); Simmons v. Avisco, Local 713, Textile Workers Union of America, 350 F.2d 1012 (4th Cir. 1965); Paley v. Greenberg, 318 F.Supp. 1366, 1367 (S.D.N.Y.1970). *Simmons* expressly disagreed with the holding in *McCraw*:

> "[D]espite our great respect for the McCraw court, we are of the opinion that the plaintiff was entitled to a jury trial. The right asserted is indeed one created by statute, but we do not agree that a jury trial is necessarily unavailable because the suit for damages is one to vindicate a statutory right. There is no such cleavage between rights existing under common law and rights established by law, where the relief sought is an award of damages." (citations omitted) (350 F.2d 1017–1018)

In the absence of guidance on this question from the Ninth Circuit, the Court finds that the reasoning of the *Simmons* case is more persuasive, especially as applied to this case, since the only relief still available to plaintiff is money damages. Defendants' motion for an order denying plaintiff's request for a jury trial is therefore denied.