**James E. HOWARD, Plaintiff,**

v.

**LOCAL 152 OF THE INTERNATIONAL CONSTRUCTION AND GENERAL LABORERS' UNION OF AMERICA, et al., Defendants.**

No. 97 C 5564.

United States District Court,
N.D. Illinois,
Eastern Division.

April 15, 1998.

Laurie Ellen Leader, Leader & Associates, Ltd., Northbrook, IL, for James E. Howard.

Hugh B. Arnold, John Joseph Toomey, Arnold & Kadjan, Chicago, IL, for Local 152.

William J. Hacker, Timothy Allen Hickey, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Chicago, IL, for William A. Pope Co.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is a motion filed by defendant Local 152 of the International Construction and General Laborers' Union of America ("Local 152"). This motion is defendant's motion to dismiss plaintiff James E. Howard's ("Howard") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the court grants in part and denies in part defendant's Rule 12(b)(6) motion to dismiss.

### I. BACKGROUND

Howard's complaint makes the following allegations which, for the purposes of ruling on defendant Local 152's Rule 12(b)(6) motion, are taken as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Defendant Pope ("Pope"), an Illinois corporation, is a general contractor at the Zion Nuclear Generating Station ("Zion nuclear plant"). Defendant Local 152 is a laborers' union which represents employees of Pope. Howard was employed at the Zion nuclear plant for approximately fourteen or fifteen years until March 11, 1997 when he alleges he was terminated by Pope without just cause.

Howard is a member in good standing of Local 152. Pope and Local 152 both signed a

collective bargaining agreement, namely the Power House Maintenance Modification Agreement ("PHMMA"), which governs the terms and conditions of employment at the Zion nuclear plant. The PHMMA provides that Pope shall not discharge any employee without just cause and it also recognizes Local 152 as a "source of employment referrals" but allows for Pope to make the ultimate decision on the hiring of employees at the Zion nuclear plant. Under the employment referral system, Local 152 must refer laborers to employers, including Pope, in chronological order and without discrimination.

After Howard's termination by Pope on March 11, 1997, Howard filed a grievance with Local 152 to protest his termination. Local 152 failed to refer him for work at the Zion nuclear plant and only once referred him for work with other employers within Local 152's jurisdiction. Howard contends that: (1) Local 152 discriminated against Howard because he has been a leader in filing unfair labor practice charges and other complaints against the union; (2) Local 152 failed to adequately investigate, process, present and argue Howard's grievance and failed to provide Howard with a fair and impartial hearing; and (3) Local 152 handled Howard's grievance in a perfunctory manner due to the Local's hostility towards him.

Howard was unable to find work following his termination by Pope and initiated a suit on August 7, 1997. Howard's complaint alleges that Pope breached the collective bargaining agreement by terminating him without good cause and that Local 152's failure to adequately investigate his grievance constituted breach of duty of fair representation. Pope rehired Howard on September 15, 1997.

## II. DISCUSSION

### A. Standard for deciding a Rule 12(b)(6) motion to dismiss

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Midwest Grinding Co. v. Spitz,* 976 F.2d 1016, 1019 (7th Cir.1992). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED.R.CIV.P. 12(b)(6); *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, however, a complaint must include either direct or inferential allegations respecting all material elements of the claim asserted. *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir.1991). Bare legal conclusions attached to narrated facts will not suffice. *Strauss v. City of Chicago,* 760 F.2d 765, 768 (7th Cir.1985).

### B. Count I—Breach of duty of fair representation

Count I is a claim against Local 152 for breach of duty of fair representation. Local 152 has moved to dismiss count I on two alternative grounds. Local 152 first argues that Howard has failed to exhaust his internal union remedies. Alternatively, Local 152 argues that Howard has failed to allege sufficient facts to establish the union's violation of its duty of fair representation. The court will consider each of the arguments in turn.

#### 1. Exhaustion under LMRA

Local 152 argues that count I must be dismissed for failure to exhaust or attempt to exhaust internal union remedies as required by the Constitution of the Laborers' International Union of North America ("LIUNA"), Article XVI Section 2.[1] For the reasons set

---

1. Section 2 provides as follows: No member shall bring or cause to be brought in any court, whether in law or in equity, any action against a Local Union, District Council or the International Union or their officers, representatives or employees, in any matter involving an issue arising out of or related to his membership, which is remediable within the framework of the International Union, Local Union or District Council Constitution without having first exhausted all of the remedies available under the aforesaid Con-

forth below, Local 152's motion to dismiss this count is denied.

■ Unlike Title I of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. §§ 411–415, the Labor Management Relations Act ("LMRA") contains no explicit exhaustion requirement. Nevertheless, the Supreme Court embraced an LMRA exhaustion requirement in *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). The Court in that case held that an employee seeking a remedy for an alleged breach of the collective bargaining agreement between his union and employer must attempt to exhaust any exclusive grievance and arbitration procedures established by that agreement before he may maintain a suit against his union or employer under § 301(a) of the LMRA. *Republic Steel Corp.,* 379 U.S. at 652–53. However, courts have discretion to excuse the exhaustion requirement if the circumstances warrant. *See Stevens v. N.W. Ind. Dist. Council,* 20 F.3d 720 (7th Cir.1994). The Supreme Court in *Clayton v. International Union* enumerated three factors for courts to consider in exercising their discretion in this area:

> First, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; second, whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under § 301; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim.

451 U.S. 679, 689, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981). The court's discretion is guided, but not limited, by the factors set forth in *Clayton.* If any of the three factors are found to exist, a court may excuse an employee-plaintiff from the duty to exhaust. *Sosbe v. Delco Elec. Div. of Gen. Motors Corp.,* 830 F.2d 83, 86 (7th Cir.1987).

Howard claims that the first *Clayton* factor applies, *i.e.,* that it would have been futile for him to further pursue internal remedies due to union hostility. He asserts that Local 152's hostility prevented him from receiving a fair hearing on his grievance and also resulted in his failure to be referred to employers in a non-discriminatory manner.

Local 152 challenges Howard's claim of futility. Local 152 claims that Howard has not alleged the requisite hostility by the proper parties at each step of the grievance process. In contrast to Local 152's argument, the court finds that, with respect to the duty of fair representation claim, Howard has plead union hostility sufficiently to survive a Rule 12(b)(6) motion to dismiss.

**2. Failure to state a cause of action**

■ Local 152 next argues that count I should be dismissed because it fails to state a claim. Specifically, Local 152 argues that Howard has failed to allege the elements necessary to support a claim against a union for breach of its duty of fair representation. For the reasons set forth below, defendant's motion to dismiss this count is denied.

■ In order to state a claim against a union for breach of its duty of fair representation, the plaintiff must establish: (1) that the underlying grievance was meritorious; and (2) that the union's conduct was "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *see also Ooley v. Schwitzer Div., Household Mfg. Inc.,* 961 F.2d 1293, 1302 (7th Cir.1992). To comply with its duty of fair representation, a union must conduct some minimal investigation of grievances brought to its attention. *NLRB v. Am. Postal Workers Union,* 618 F.2d 1249, 1255 (8th Cir.1980). The union's duty includes more than merely a "perfunctory" processing of a grievance. *Vaca,* 386 U.S. at 191.

Howard alleges that Pope breached the collective bargaining agreement by terminating him without cause. Howard asserts that the underlying grievance was meritorious and, therefore, the court finds that he has satisfied the first prong of the requirement.

To satisfy the second prong of the duty of fair representation requirement, Howard alleges in his complaint that Local 152 discriminated against him because he had been a "leader in filing unfair labor practice charges" against the union. The complaint

stitutions. Constitution of the LIUNA, Article XVI, Section 2.

further alleges that, as a result of this discrimination, Local 152 "arbitrarily failed to adequately investigate, process, present and argue Plaintiff's grievance and handled [it] in a perfunctory manner." Howard then asserts that he continues to be unemployed and has been unable to find work as a result of Local 152's breach. The court must accept these allegations as true at this stage in the litigation. *See Bontkowski v. First Nat'l Bank of Cicero,* 998 F.2d 459, 461 (7th Cir.1993). At a minimum, these allegations raise a factual issue as to the thoroughness of the union's investigation, thereby making dismissal of this claim inappropriate at this time. *Cf. Chavez v. Farmington Foods, Inc.,* No. 97 C 1910, 1997 WL 631173, at *3 (N.D.Ill. Oct.1, 1997) (holding that the complaint was sufficient to survive dismissal of a § 301 claim where it alleged that the union failed to follow proper procedures in its defense of plaintiff, that it had in bad faith acceded to the employer's improper discipline of plaintiff, and that it had been recklessly incompetent in handling the disciplinary proceedings).

Without analyzing the weight of the evidence, plaintiff's complaint on its face pleads with sufficient specificity to survive a motion to dismiss for failure to state a claim upon which relief may be granted. Accordingly, with respect to the duty of fair representation claim, Howard has met his burden of stating a cause of action.

### C. Count II—Violation of the Labor Management Reporting and Disclosure Act

Count II is a claim against defendant for violation of the LMRDA. Defendant has moved to dismiss count II, making three arguments in support of its motion. The court will consider each of the arguments in turn.

#### 1. Exhaustion under LMRDA

■ First, defendant asserts that the court lacks jurisdiction over count II by reason of plaintiff's failure to exhaust his union remedies as required by 29 U.S.C. § 411(a)(4). For the reasons set forth below, defendant's motion to dismiss this count is denied.

■ Title I of the LMRDA clearly authorizes unions to require that their members utilize and exhaust internal remedial procedures, not to exceed a four month lapse of time, before seeking legal redress for grievances. 29 U.S.C. § 411(a)(4). The section further states that members need not exhaust such procedures if it appears that doing so would be futile. *Id.* Whether to excuse a failure to exhaust before bringing a LMRDA suit is a matter within the court's discretion. *See N.L.R.B. v. Indus. Union of Marine & Shipbuilding Workers,* 391 U.S. 418, 426, 88 S.Ct. 1717, 20 L.Ed.2d 706 (1968). In exercising its discretion, a court considers factors which parallel those examined in the LMRA context, *i.e.:* (1) whether the internal remedies are reasonable and fair; (2) whether exhaustion would be futile; and (3) whether requiring the plaintiff to pursue internal remedies would create an unreasonable delay. *Bee v. Local 719, United Auto Workers,* 744 F.Supp. 835, 837 (N.D.Ill.1990).

Howard's complaint alleges union hostility and discrimination. When the internal structure of the union appears to be controlled by those whom the plaintiff opposes, the court deems that exhaustion would be futile and contrary to the purposes of the LMRDA. *Semancik v. United Mine Workers of Am.,* 466 F.2d 144, 151 (3d Cir.1972).

The Local's non-exhaustion argument regarding the LMRDA claim mirrors its earlier non-exhaustion argument regarding the LMRA claim. As both non-exhaustion arguments raise factual issues, dismissal under Rule 12(b)(6) is an inappropriate remedy on both claims. Consequently, Local 152's motion to dismiss the LMRDA claim based on plaintiff's failure to exhaust remedies is denied.

#### 2. Punitive damages under the LMRDA

■ Local 152 claims that punitive damages are not available in an action brought under the LMRDA. They argue in the alternative that, if punitive damages are found to be available in LMRDA cases, Howard has failed to provide a basis for an award of punitive damages. For the reasons set forth

below, the defendant's motion to dismiss the award of punitive damages is granted.

The LMRDA does not expressly authorize or preclude punitive damage awards. In *International Brotherhood of Electrical Workers v. Foust*, the Supreme Court expressly reserved opinion as to whether punitive damages were available in a claim brought under the LMRDA. 442 U.S. 42, 47 n. 9, 99 S.Ct. 2121, 60 L.Ed.2d 698 (1979). The circuits are split on this issue. Some circuits have allowed punitive damages upon a showing that the defendant acted with reckless or wanton indifference to the plaintiff's rights. *See Bise v. Int'l Bhd. Elec. Workers*, 618 F.2d 1299, 1305 (9th Cir.1979). Others have limited the availability of punitive damages to those cases where the defendant has acted with malice or ill will. *See Schmid v. United Bhd. of Carpenters & Joiners of Am.*, 827 F.2d 384, 386 (8th Cir.1987).

The Seventh Circuit has not previously resolved this issue. However, in a factually similar case, *Burkauskus v. Hall's Motor Transit Co.*, the Northern District of Illinois refused to grant punitive damages under the LMRDA. No. 84 C 6466, 1985 WL 1266, at *7 (N.D.Ill. May 2, 1985). In *Burkauskus*, after the plaintiff was terminated for alleged abuse of company time, he filed a grievance and requested that the union conduct an investigation of the circumstances surrounding his termination. There was no investigation conducted and plaintiff's grievance was denied. Plaintiff brought suit under the LMRDA, alleging that he was discriminated against due to his vocal criticism of the union, and he sought punitive damages. The court, finding that the plaintiff failed to allege that the Local acted maliciously or even recklessly, granted the union's motion to dismiss plaintiff's request for punitive damages.

Accordingly, since Howard has failed to allege malicious or reckless conduct on the part of Local 152, the motion to dismiss Howard's request for punitive damages is granted as to count II.

### 3. Attorneys fees under the LMRDA

█ Local 152 seeks to have Howard's request for attorney's fees in count II stricken. For the reasons set forth below, this motion to dismiss plaintiff's request for attorney's fees is denied.

Local 152 raises two arguments in support of their motion to strike an award of attorney's fees. Local 152 first alleges that *Mezo v. International ·Union* implies that attorney's fees are inappropriate where litigation is pursued prior to exhaustion of internal remedies. *Mezo v. Int'l Union, United Steelworkers of Am.*, 558 F.2d 1280, 1282 n. 5 (1977). This court need not interpret this implication in *Mezo* because it has determined that Howard has sufficiently alleged that exhaustion was not required. *See supra* Part II.B.1. Consequently, attorney's fees will not be stricken on this basis.

Local 152 next argues that attorney's fees cannot be awarded because Howard has not met the requirements for an award of attorney's fees set forth in *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). Title I of the LMRDA does not expressly allow for attorney's fees. Nevertheless, the Supreme Court granted federal courts the power to award attorney's fees in LMRDA Title I litigation whenever "overriding considerations indicate the need for such recovery." *Id.* 412 U.S. at 5 (quoting *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 391–92, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970)). *Hall* outlined two factors for courts to consider in awarding attorney's fees: (1) bad faith on the part of the unsuccessful party; and (2) where the efforts of the plaintiff have resulted in substantial benefit to the union and its membership. 412 U.S. at 5.

Local 152 alleges that Howard failed to allege malicious or wanton behavior on the part of the union, therefore, a successful LMRDA claim would be of no benefit to other union members. The court finds that if Howard's allegations are proven and he prevails on his LMRDA claim, Local 152 may be deterred from taking the same alleged discriminatory action against other union members, thus benefitting the union membership. Therefore, the court finds that it would be inappropriate to strike attorney's fees at this stage of the litigation.

Accordingly, the court denies Local 152's motion to strike an award of attorney's fees.

## III. *CONCLUSION*

For the foregoing reasons, the court grants in part and denies in part defendant's motion to dismiss Howard's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, the court enters the following orders:

1. The court denies defendant's Rule 12(b)(6) motion to dismiss Count I.

2. The court denies defendant's Rule 12(b)(6) motion to dismiss Count II.

3. The court grants defendant's Rule 12(b)(6) motion to dismiss punitive damages in Count II.

4. The court denies defendant's Rule 12(b)(6) motion to dismiss attorney's fees in Count II.