James Ray McCRAW, Plaintiff-Appellant,

v.

UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF the PLUMBING AND PIPE FITTING INDUSTRY OF the UNITED STATES AND CANADA and Local 43 of United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, Defendants-Appellees.

James Ray McCRAW, Plaintiff-Appellee,

v.

LOCAL 43 OF the UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF the PLUMBING AND PIPE FITTING INDUSTRY OF the UNITED STATES AND CANADA, Defendant-Appellant.

Nos. 15533, 15534.

United States Court of Appeals Sixth Circuit.

Feb. 27, 1965.

testimony is the best, as he is the sole judge of the merits, and if he acts within the boundaries prescribed by law his de-

cision is final and unreviewable in an appellate court."

Sizer Chambliss, Chattanooga, Tenn., for James Ray McCraw.

Martin F. O'Donoghue, Washington, D. C., for defendants-appellees, O'Don-

oghue & O'Donoghue, Washington, D. C., on the brief.

S. Del Fuston, Chattanooga, Tenn., for defendant-appellant, H. G. B. King, Chattanooga, Tenn., on the brief, King & Fuston, Chattanooga, Tenn., of counsel.

Before MILLER, PHILLIPS and EDWARDS, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

James Ray McCraw filed this action in the District Court for injunctive and other relief under Section 102 of the Labor-Management Reporting and Disclosure Act of 1959, Section 412, Title 29 United States Code, usually referred to as the Landrum-Griffin Act. The amended complaint charges that the defendants, United Association of Journeymen and Apprentices, etc., hereinafter referred to as the International Union, and its Local Union No. 43, hereinafter referred to as the Local Union, wrongfully fined and suspended him, in violation of Section 101 of the Act, Section 411, Title 29 United States Code. The action sought reinstatement as a member of the union and damages. The District Judge denied McCraw's demand for trial by jury and entered a judgment ordering reinstatement, but denying damages except in the amount of $1.00. McCraw took appeal No. 15,533 from the judgment, and the Local Union took a cross appeal, No. 15,534. The two appeals were heard together.

The facts are stated in detail in the opinion of the District Judge, reported at McCraw v. United Association of Journeymen and Apprentices, etc., 216 F.Supp. 655, E.D.Tennessee, to which reference is made. The major material facts can be stated as follows.

McCraw is a pipe fitter by trade and a resident of Chattanooga, Tennessee. The defendant, the International Union, is an international labor union for the plumbing and pipe fitting trade. Local Union 43 is a local labor union char-

tered by the International Union, with its principal offices in Chattanooga, Tennessee. McCraw became a member of the International Union in 1943 and joined Local Union No. 43 in 1954. He has remained a member at all times thereafter until he was suspended in 1961, which suspension is the subject matter of this action.

On January 26, 1961, McCraw filed charges with the Local Union against C. Earle Williams, who was the business agent for the Local Union, charging Williams with having discriminated against him in the matter of referrals for employment in the trade. Under the rules of the Local Union the charges were referred by the membership to the Executive Board of the Local Union, which dismissed the charges upon the ground that they were not properly drawn.

Shortly thereafter McCraw again attempted to file charges against Williams for discrimination, but the membership voted not to accept the charges.

Thereafter, on February 16, 1961, McCraw filed a charge against the Local Union with the National Labor Relations Board, wherein he charged the Local Union with an unfair labor practice by reason of discrimination against him in regard to securing employment, which he alleged constituted a violation of Section 8(b) of the National Labor Relations Act, Section 158(b), Title 29 United States Code. The Board, after investigation, declined to issue a complaint upon the ground of "insufficient evidence" and upon the ground "it would not effectuate the purposes of the National Labor Relations Act to institute further proceedings at this time."

On May 9, 1961, Williams filed charges with the Local Union against McCraw charging him with having filed the charge against the Local Union with the National Labor Relations Board without having first exhausted his remedies within the Local Union and the International Union, which it was alleged was a violation of Section 222 of the International

Union's Constitution.* McCraw was notified of the hearing and was present with witnesses, but apparently became angry when the Executive Board asked that the door of the hearing room be closed at the beginning of the hearing. Thereafter he presented no witnesses and declined to make any statement other than to state his name and to affirm that he had filed charges with the National Labor Relations Board. Following the hearing the Executive Board voted to sustain the charges and imposed a fine of $100.00.

McCraw appealed the fine to the General Executive Board of the International Union. Upon appeal he was accorded the right to submit any additional statement, but failed to do so. On September 6, 1961, the International Union advised McCraw that its General Executive Board had denied the appeal and had affirmed the action of the Local Union. McCraw appealed this action to the General Convention of the International Union, which, however, will not be held until 1966.

McCraw has at all times refused to pay the fine, contending that it was illegally imposed. He continued to tender his dues and otherwise sought to maintain his membership and standing in the union. The Local Union from and after July 1, 1961, declined to accept his dues without payment of the fine first being made. About this same time McCraw was suspended from membership for nonpayment of dues. McCraw continued to tender his dues, but the Local Union, in accordance with its rules, declined to accept them without prior payment by McCraw of a $1.00 reinstatement fee. The result has been that the plaintiff has been suspended from membership in the Local Union at all times since July 1, 1961.

McCraw, however, sought to attend union meetings and participate as a member in union activities. On September 28, 1961, McCraw was requested to leave a meeting of the Local Union upon the ground that he was suspended for nonpayment of dues. Upon his refusal to leave, he was physically removed from the meeting room. In the course of the removal or as a result of his efforts to regain admittance after the door had been closed against his reentry, McCraw sprained or dislocated his right thumb, for which he received conservative medical treatment over a period of six weeks. The injury resulted in a 10% permanent disability to McCraw's right thumb.

McCraw filed the present action on December 1, 1961. The amended complaint was filed on June 15, 1962. The amended complaint briefly alleges the facts leading up to McCraw's suspension and the injury to his thumb. It alleges that the fine and suspension were illegal, that he had been denied his rights to participate in union meetings and elections and has been discriminated against in many other ways, and that as a result of the defendants' misconduct he has suffered "physical, financial and psychic damage." It seeks such relief "as may be appropriate," including injunctive relief, damages to the date of trial, and attorney's fees. It also demanded a jury trial. The District Judge was of the opinion that jurisdiction existed to hear the complaint under Section 102 of the Act, Section 412, Title 29 United States Code. He was also of the opinion that all of the requirements of Section 101(a) (5) of the Act, Section 411(a) (5), Title 29 United States Code, were met, including notice of the charges and a reasonable opportunity to prepare a defense, that McCraw was afforded a full and fair hearing, that nothing ap-

---

* Section 222 of the United Association Constitution reads as follows:
"No officer, representative or member of United Association or its local unions, or district councils, or state or provincial associations shall resort to court proceedings of any description, in any manner pertaining to this organization or its local unions, or his membership, or his office, until all remedies provided for within the United Association's Constitution have been fully exhausted. Violation of this section shall be sufficient cause for expulsion from membership in the United Association and its local unions."

peared in the record that questioned the impartiality of the Executive Board or the procedure followed by it, and that McCraw's failure to present witnesses and his refusal to make a statement on his own behalf was his own choice, of which he could not complain. However, he was also of the opinion that the action of the Local Union in imposing a fine violated Section 101(a) (4) of the Act, Section 411(a) (4), Title 29 United States Code, which, with certain provisos, prohibits unions from disciplining members for instituting actions before any court or administrative agency. He rejected McCraw's claim for damages because of alleged loss of employment by reason of discrimination on the part of the Local Union and also because of the physical injury to his thumb. He also rejected McCraw's request for the allowance of attorney's fees. An order was entered setting aside the $100.00 fine against McCraw and providing that upon seasonal tender by him of current dues, the Local Union should accept such dues without payment of any reinstatement fee and reinstate McCraw to full membership without loss of any rights or privileges by reason of any loss by suspension. He allowed McCraw nominal damages in the sum of $1.00 against both defendants.

### McCRAW'S APPEAL—No. 15,533

McCraw contends (1) that the District Judge erred in denying him a trial by jury, which was demanded by his amended complaint, (2) that the District Judge should have tried his common law damage claim along with his statutory claim under the Landrum-Griffin Act, and (3) that the District Judge should have awarded him attorney's fees. We find no merit in any of these contentions.

With respect to trial by jury, McCraw argues that his claim for damages was a claim recognized at common law, and if he was entitled to such damages it was equivalent to a money judgment and that the denial of a trial by jury contravened the Seventh Amendment of the United States Constitution. This question is thoroughly briefed by counsel

for the unions, but we believe it is unnecessary to review it in detail here.

 Briefly stated, the rule appears to be as follows. The amendment preserves the right which existed under the common law when the amendment was adopted. Baltimore & Carolina Line, Inc. v. Redman, 295 U.S. 654, 657, 55 S. Ct. 890, 79 L.Ed. 1636; Welch v. Tennessee Valley Authority, 108 F.2d 95, 98–99, C.A. 6th, cert. denied, Welch v. United States ex rel. and for Use of T. V. A., 309 U.S. 688, 60 S.Ct. 889, 84 L. Ed. 1030. Thus, it has no application to cases where recovery of money damages is an incident to an action seeking equitable relief, even though damages might have been recovered in an action at law. It does not apply where the proceeding is not in the nature of a suit at common law. The present case is not a suit at common law or in the nature of such a suit. It is a statutory proceeding, unknown to the common law. Guthrie National Bank v. City of Guthrie, 173 U.S. 528, 537, 19 S.Ct. 513, 43 L.Ed. 796. It is essentially an equity proceeding for reinstatement as a member of the Local Union, with the recovery of money damages being merely an incident to such relief. It may be that McCraw has a separate common law action for damages for the injury to his thumb in addition to his alleged cause of action under the statute, in the trial of which he would be entitled to a jury. But no such separate cause of action is alleged by the amended complaint, in which the prayer for relief is based solely upon the alleged violation of the Labor-Management Reporting and Disclosure Act of 1959. In our opinion, McCraw was not entitled to a trial by jury. N. L. R. B. v. Jones & Laughlin Steel Corp., 301 U.S. 1, 48, 57 S.Ct. 615, 81 L.Ed. 893; United States v. State of Louisiana, 339 U.S. 699, 70 S.Ct. 914, 94 L.Ed. 1216, rehearing denied, 340 U.S. 856, 71 S.Ct. 75, 95 L.Ed. 627; 340 U.S. 907, 71 S.Ct. 276, 95 L.Ed. 656. See: 340 U.S. 899, 71 S.Ct. 275, 95 L.Ed. 651; rehearing denied, 340 U.S. 939, 71 S.Ct. 480, 95 L.Ed. 678; Modification of decree

denied, 350 U.S. 812, 76 S.Ct. 43, 100 L. Ed. 728; Welch v. Tennessee Valley Authority, supra, 108 F.2d 95, 98–99, C.A. 6th, cert. denied, Welch v. United States ex rel. and for Use of T. V. A., 309 U.S. 688, 60 S.Ct. 889, 84 L.Ed. 1030; Simmons v. United States, 29 F. Supp. 285, 286–287, W.D.Ky.; Brady v. Trans World Airlines, Inc., 196 F.Supp. 504, 507, D.C.Del.; Conrocode v. Ohio Bell Telephone Co., 11 F.R.D. 303, N.D. Ohio.

 With respect to his claim for damages, McCraw complains of the ruling of the District Judge that since the lawsuit was founded upon a violation of Section 411(a), Title 29 United States Code, and was brought pursuant to Sections 411(a) and 412, it was not a common law action for damages and damages would be limited to those which directly and proximately resulted from the alleged violation of the Act on July 1, 1961, the date of the suspension of McCraw from membership. In accordance with this ruling, no consideration was given to loss of employment claimed by McCraw by reason of alleged discrimination prior to July 1, 1961. The District Judge found that the evidence failed to establish that McCraw was discriminated against after June 1961 or that he sustained any loss of employment after July 1, 1961, by reason of discrimination on the part of the union. He also pointed out that even if such discrimination were established, any loss from unemployment by reason of discrimination would be wholly a matter of conjecture since it appeared from the record that there was substantial unemployment in the trade within the Chattanooga area at that time.

Proceeding on the same theory, the District Judge also ruled that since McCraw, as a suspended member of the Local Union, had no right to attend the union meeting, it was proper for the union to ask him to leave the meeting room. He found as a fact that the force and means used for McCraw's removal did not appear to have exceeded what was reasonable and necessary to accomplish the purpose, considering his refusal to voluntarily leave and his resistance to being moved. Accordingly, the injury to his thumb was caused by his improper physical resistance to being excluded from the union meeting at a time when he was suspended, and was not a direct and proximate result of a violation of Section 411(a), Title 29 United States Code.

We concur in the rulings of the District Judge with respect to the claim for damages.

 In the District Court McCraw contended that the Local Union had illegally refused to make available to him union records over a period of time, contrary to the provisions of Section 431(c), Title 29 United States Code. This contention was rejected by the District Judge. The correctness of this ruling is not challenged by McCraw's brief in his appeal. Accordingly, we treat the issue as abandoned. N. L. R. B. v. Kentucky Utilities Co., 182 F.2d 810, 814, C.A. 6th; Viles v. Commissioner, 233 F.2d 376, 379, C.A. 6th; Mid-Southern Foundation v. Commissioner, 262 F.2d 134, 139, C.A. 6th, cert. denied, 359 U.S. 991, 79 S.Ct. 1120, 3 L.Ed.2d 979.

 However, Section 431(c), Title 29 United States Code, also provides that the court in such action "may, in its discretion * * * allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." McCraw sought attorney's fees under this section of the statute. The District Judge pointed out that no provision is made for the allowance of attorney's fees in an action under Section 101 or 102 of the Act, Sections 411 and 412, Title 29 United States Code, under which this action was brought, and that the Court was without jurisdiction to award attorney's fees on this phase of the case. He was also of the opinion that with respect to Section 431(c), Title 29 United States Code, in view of the fact that McCraw's claim for access to the records was rejected by the Court, no award could be made on this phase of the case. The statute provides

that the court "may, in its discretion" allow a reasonable attorney's fee. The allowance is permissive only. There was no abuse of discretion on the part of the District Judge in refusing to make such an allowance. We concur in the rejection of this claim.

## APPEAL OF LOCAL UNION
### —No. 15,534

The Local Union contends that the District Judge erred in ruling that the imposition of the fine and the suspension of McCraw from membership in the union was invalid.

This raises first the question of the jurisdiction of the District Court to consider this question. Section 101(a) (4) of the Act, Section 411(a) (4), Title 29 United States Code, provides that no labor organization shall limit the right of any member thereof to institute an action in any court or in a proceeding before any administrative agency, provided that "any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-months lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof." Section 222 of the Constitution of the International Union, hereinabove referred to, required the exhaustion of all remedies provided by the Constitution before resorting to "court proceedings of any description." It is contended that McCraw failed to exhaust such remedies before filing the present action.

■ The statutory provision is a valid one. Detroy v. American Guild of Variety Artists, 286 F.2d 75, 79, C.A. 2nd, cert. denied, 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388; Harris v. International Longshoremen's Association, etc., 321 F.2d 801, C.A. 3rd.

■ The District Judge held that McCraw had resorted to the internal union hearing procedures and that more than four months had elapsed from the date of the hearing before the Local Union Executive Board before the present action was filed. He rejected the contention of the Local Union that McCraw had not complied with the union hearing procedures because he had made no good faith presentation of his case to the Local Union. He recognized that bad faith on the part of the union member, which was not shown to be present in this case, might warrant a dismissal of the action, but that the courts should not be required to examine and pass judgment upon the skill or competence with which a member presents his claim to the union in each case before permitting a resort to the courts. The Court should look to the facts and equities of each case before enforcing such a bar. Detroy v. American Guild of Variety Artists, supra, 286 F.2d 75, C.A. 2nd, cert. denied, 366 U.S. 929, 81 S.Ct. 1650. Under the facts of this case he declined to enforce the bar.

■ We agree with the ruling that jurisdiction existed.

■ With respect to the validity of the fine and suspension, we look to the provision of Section 222 of the Constitution of the International Union, the alleged violation of which is the basis for the disciplinary action taken. Section 222 is not an absolute prohibition of the resort by a union member to court proceedings. Section 411(a) (4), Title 29 United States Code, would make such a prohibition invalid. The statute does permit, however, a requirement that a union member exhaust reasonable hearing procedures, not exceeding four months lapse of time, before resorting to court action. In keeping with this permission, Section 222 requires an exhaustion of available remedies within the union. Since this requirement was complied with by McCraw, his filing of the complaint with the National Labor Relations Board was not a violation of Section 222 of the Constitution, and the disciplinary action taken, based on such alleged violation, was invalid.

The judgment of the District Court is affirmed.