Jack **PALEY**, Plaintiff,

v.

Max **GREENBERG**, Individually and as President of Retail Wholesale and Department Store Union, AFL–CIO, et al., Defendants.

No. 69 Civ. 3196.

United States District Court,
S. D. New York.

June 26, 1970.

Weisman, Celler, Allan, Spett & Sheinberg, New York City, for plaintiff; Irving Rosen, David Jaffe, New York City, of counsel.

Markewich, Rosenhaus, Markewich & Friedman, New York City, for defendants; Robert Markewich, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

Plaintiff was elected Executive Secretary of the defendant Retail Wholesale and Department Store Union (hereinafter referred to as the "RWDSU") in 1966. His term of office, however, has recently expired. Basing jurisdiction of the Court upon Section 102 of the Labor-Management Reporting and Disclosure Act of 1959 (hereinafter referred to as the "LMRDA"), plaintiff alleges that he was wrongfully removed from office for having exercised his right under Sections 101 and 609 of the LMRDA and the Constitution of the RWDSU to freely express his views on certain union affairs. By reason of such action, plaintiff asserts that he was not paid his salary and other emoluments to which he was entitled, that his reputation in the trade union movement and in the community was irreparably injured and that he was caused to suffer great mental distress. For relief in his underlying action, he seeks an order reinstating him to the official position which he previously held in the RWDSU, declaring that he was improperly and unlawfully removed from office, prohibiting defendants and their agents and employees from interfering with his right to speak freely and requiring defendants to notify the public through various me-

dia of the facts of such restoration. Additionally, plaintiff seeks compensatory damages in the sum of $50,000.00, punitive damages in the sum of $250,000.00, reasonable attorney's fees and the costs and disbursements of his suit.

Plaintiff Paley now moves for an order striking the demand for a jury trial of these issues timely made by certain of the named defendants.

After careful consideration of the four leading decisions relied upon by both plaintiff and defendants, International Bhd. of Boilermakers v. Braswell, 388 F.2d 193 (5th Cir.), cert. denied, 391 U.S. 935, 88 S.Ct. 1848, 20 L.Ed.2d 854 (1968); Local No. 92, Int. Ass'n of Bridge, S. & O. I. Workers v. Norris, 383 F.2d 735 (5th Cir. 1967); Simmons v. Avisco, Local 713, Textile Workers Union, 350 F.2d 1012 (4th Cir. 1965); McCraw v. United Ass'n of Journeymen & Apprentices, 341 F.2d 705 (6th Cir. 1965), I find that defendants' timely demand for trial by jury of these issues was proper.

In *McCraw*, the earliest of these cases, plaintiff sought reinstatement as a member of the union and incidental damages. His prayer for relief was based *solely* upon an alleged violation of the LMRDA. Unlike the instant suit, no separate common law cause of action for damages was alleged under the theory of pendent jurisdiction. Plaintiff's Memorandum of Law in Support of Motion to Strike Jury Demand at 2 (filed March 25, 1970). Thus, the Court of Appeals for the Sixth Circuit found that McCraw was not entitled to a trial by jury of his solely equitable action.

In *Simmons*, which followed *McCraw*, plaintiff sued both at law and in equity seeking in addition to his prayer for injunctive relief, damages, both actual and punitive, for loss of income, mental anguish and injury to reputation caused by his alleged illegal suspension from the union. This latter cause of action, *i. e.*, money damages for injury to reputation and resulting mental anguish, was one which, the Court of Appeals for the

Fourth Circuit noted, "the developing common law of torts certainly takes cognizance." *Simmons, supra* 350 F.2d at 1018. Thus, the Court saw no reason for not allowing a jury to determine whether the union's allegedly wrongful conduct was the proximate cause of the plaintiff's injuries and how much the plaintiff was entitled to recover therefor. Although the right asserted in *Simmons*, as in the instant suit, was indeed one created by statute, the Court did not agree that a jury trial was necessarily unavailable because the suit for damages was one to vindicate such a right.

In denying the defendant's demand for trial by jury in *Norris*, the Court of Appeals for the Fifth Circuit noted that the relief sought was not only in name, but in substance as well, traditionally equitable. Plaintiffs therein, the beneficiaries of a trust, sought an accounting from certain union trustees—a remedy exclusively within the jurisdiction of equity which did not become so "legal", the Court found, as to compel jury intervention merely because an accounting is inevitably in dollars. The Court did, however, expressly agree that the nature of the relief sought in *Simmons* was "clearly within the realm of a common law tort cause of action" and that the controlling issues of wrongful conduct, whether such conduct was the proximate cause of the injuries, and the amount of the injury—were issues "which traditionally are within the province of the jury to determine." *Norris, supra* 383 F.2d at 740.

The Court in *Braswell*, the most recent appellate decision on this question, also found the reasoning of *Simmons* persuasive. However, since the *Braswell* plaintiff sought compensatory and punitive damages only, and not reinstatement to the union, the Court sustained his demand for a jury trial without expressly passing upon the issue as framed both in *Simmons* and in the instant suit.

It appears clear that these cases are not in conflict with one another and that the instant suit may most properly be

**1368**

analyzed with *Simmons* which was expressly approved by both the *Norris* and *Braswell* courts.

Accordingly, plaintiff's motion for an order striking the demand for a jury trial is in all respects denied.

So ordered.