**Lawrence LARIMER, Plaintiff,**

v.

**UNITED INTER-MOUNTAIN TELEPHONE COMPANY et al., Defendants.**

**No. CIV-2-75-139.**

United States District Court, E. D. Tennessee, Northeastern Division.

Dec. 12, 1975.

On Motion For Summary Judgment March 29, 1976.

---

Charlton R. DeVault, Jr., Kingsport, Tenn., for plaintiff.

James D. Fagan, Atlanta, Ga., James W. Bradford, Jr., Kingsport, Tenn. and R. Jan Jennings, Johnson City, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action for damages, injunctive and other relief by a former employee against his former employer, his local union and its parent national union. *Inter alia*, the plaintiff charged " * * * that the [d]efendant Telephone Company and the [d]efendant Unions maliciously and in bad faith conspired and colluded to deprive him of seniority rights under the collective bargaining contract [involved] in order to secure a settlement of another grievance filed by another employee of [d]efendant Telephone Company. * * * " The defendant United Inter-Mountain Telephone Company moved to strike this language as redundant and immaterial. Rule 12(f), Federal Rules of Civil Procedure. The motion on that ground has merit.

The foregoing language charges the defendant unions and the plaintiff's employer with having conspired to commit unfair labor practices. " * * * It shall be an unfair labor practice for a labor organization or its agents to restrain or coerce * * employees in the exercise of the rights guaranteed in section 157 of this title * * * ; [or] * * * to cause or attempt to cause an employer to discriminate against an employee in violation of subsection (a)(3) of this section * * * ". 29 U.S.C. § 158 (b)(1)(A), (2). "Employees shall have the right to * * * join, or assist labor organizations, * * * and to engage in * * * concerted activities for the purpose of * * * mutual aid or protection * * * ". 29 U.S.C. § 157. " * * * It shall be an unfair labor practice for an employer * * * by discrimination in regard to * * * tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization * * * ". 29 U.S.C. § 158(a)(3).

" * * * [T]he National Labor Relations Act pre-empts * * * federal court jurisdiction to remedy conduct that is arguably * * * prohibited by the Act. * * * " *Motor Coach Employees v. Lockridge* (1971), 403 U.S. 274, 276, 91 S.Ct. 1909, 1913, 29 L.Ed.2d 473, 477[1], rehearing denied (1971), 404 U.S. 874, 92 S.Ct. 24, 30 L.Ed.2d 120. A federal claim for civil con-

spiracy in the labor relations field is not recognized. *Hall v. Pacific Maritime Association*, D.C.Cal. (1968), 281 F.Supp. 54, 61[12] and *Cole v. Hall*, D.C.N.Y., (1964), 35 F.R.D. 4, 6[9], cited in *Abrams v. Carrier Corporation*, C.A.2d (1970), 434 F.2d 1234, 1253[21].

The plaintiff asserts that he makes no separate claim of conspiracy on the part of the defendants. As Judge Bartels stated in that connection: " * * * The allegation of 'conspiracy' is nothing more than a makeweight which adds nothing to the substance of the allegations against the individual defendants. There [is] no impropriety on the part of the district court in dismissing such superfluous portions of the complaint. * * * " *Ibid.*, 434 F.2d at 1254.

The defendant's motion hereby is GRANTED, and the plaintiff's allegation of a "conspiracy" hereby is STRICKEN from the complaint.

■ Such defendant also moved for a striking of the plaintiff's claim of punitive damages. Although it is extremely doubtful that the plaintiff would be entitled to claim properly punitive damages herein, *cf. ergo Williams v. Pacific Maritime Association*, C.A. 9th (1970), 421 F.2d 1287, 1289, there might be circumstances which would justify the imposition of punitive damages, *cf. ergo Butler v. Yellow Freight System, Inc.*, D.C.Mo. (1974), 374 F.Supp. 747, 752–753[8], and cases collated there. The Court hereby DENIES such defendant's motion to strike such claim but RESERVES for future consideration at a more appropriate time whether to consider the issue of punitive damages.

On Motion For Summary Judgment

This is an action for damages, injunctive and other relief by an employee against his employer, his local union and its parent international union. 29 U.S.C. § 185; 28 U.S.C. § 1441. The purport of the plaintiff's claim is that he was improperly denied certain seniority rights by his employer after a job demotion, and that the defendant unions breached a duty of fair representation owed to him by refusing to process his grievance beyond the third step of a contractual grievance procedure. The defendants union moved for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure, contending, *inter alia*, that the plaintiff has failed to adequately pursue his internal union grievance procedures prior to instituting this action.[1] Such motion has merit.

■ It is the general rule that, before an employee may bring a suit against his union for the alleged breach of its duty of fair representation, he must first exhaust his available internal union remedies or show an adequate reason for failing to do so. *Ruzicka v. General Motors Corporation*, C.A. 6th (1975), 523 F.2d 306, 311[7]; *See v. Auto Workers, Local 417*, C.A. 6th (1973), 480 F.2d 926 (table), 83 L.R.R.M. 2512, certiorari denied (1973), 414 U.S. 1066, 94 S.Ct. 573, 38 L.Ed.2d 471; *Bsharah v. Eltra Corporation*, C.A. 6th (1968), 394 F.2d 502, 503[2]. The Sixth Circuit recently stated that:

* * * The reason for this requirement is that intra-Union remedies are a part and parcel of the industrial in-house procedure for settling labor disputes. The primary benefit of requiring initial submission of employee complaints against a union that refuses to help process a grievance against a company is that internal machinery can settle difficulties short of court action. Thus, federal policy requires "staying the hand of 'judicial interference with the internal affairs of a labor organization until it has had at least some opportunity to resolve disputes

---

1. The moving defendants submitted affidavits and exhibits in support thereof; however, the plaintiff " * * * rest[ed] merely upon his pleadings * * * rather [than] * * * com[ing] forward to show genuine issues of fact. * * * " *Bryant v. Commonwealth of Kentucky*, C.A. 6th (1974), 490 F.2d 1273, 1275[5]; Rule 56(e), Federal Rules of Civil Procedure.

concerning its own internal affairs'." * * *

*Ruzicka v. General Motors, supra*, 523 F.2d at 311[7], citing and quoting from *Imel v. Zohn Manufacturing Company*, C.A. 10th (1973), 481 F.2d 181, 183[2], certiorari denied (1974), 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469, and *Brady v. Trans World Airlines*, C.A. 3d (1968), 401 F.2d 87, 104[17], certiorari denied (1969), 393 U.S. 1048, 89 S.Ct. 680, 21 L.Ed.2d 691.

The exhaustion of intra-union procedures is not mandatory in all cases; the Court has discretion to determine whether a litigant must pursue such internal union remedies. *McCraw v. United Ass'n of Journeymen & App. of Plumbing, Etc.*, C.A. 6th (1965), 341 F.2d 705, 711[12]. The whole purpose of such rule " * * * is bottomed on the hope that such procedures will quickly resolve disputes without the delay inherent in the judicial process and with the aid of persons experienced at resolving member-union conflicts short of a full-blown judicial proceeding. When that hope has faded, however, the member is not barred from proceedings to federal court with a claim of unfair representation. * * * " *Ruzicka v. General Motors, supra*, 523 F.2d at 312[8]. " * * * When internal union remedies are inadequate or illusory, or when the union has taken a consistent position in opposition to that of a plaintiff, and exhaustion therefore would be futile, exhaustion is not required. * * * " *Verville v. International Ass'n of Mach. & Aero. Wkrs.*, C.A. 6th (1975), 520 F.2d 615, 620[6, 7].

In accordance with the constitution of the defendant international union,[2] the unions have established a detailed intra-union grievance procedure " * * * for the consideration and review of complaints of members regarding actions of the [u]nion or [l]ocal, or [u]nion or [l]ocal [o]fficers * * * which are alleged to be in violation of the * * * rights and privileges of members.

* * * " Uniform operating practices manual, section 12.2, appeal procedures. Such procedure provides that an aggrieved member may file his written complaint with the secretary or secretary-treasurer of the local union for its consideration by the general membership at its next meeting. The decision of the local membership may be appealed directly to the geographical vice-president of the international union, and subsequently to the international president, the executive board, and finally to the general membership of the international union at its convention. At each step of the appellate process, definite time limits are imposed in which the respective complaint must be acted upon and in which proper written notice of the decision must be given to all interested parties.

According to the undisputed affidavits of the respective secretaries of the local union who served during the pertinent time period, no complaint was filed or received alleging a violation of Mr. Larimer's rights or privileges. Nor is there any indication of any attempt by such plaintiff to utilize the internal union appeal procedure. Instead, Mr. Larimer insists that such remedies were inadequate and illusory with the union's conduct rendering the exhaustion thereof futile. In *Ruzicka, supra*, the Sixth Circuit held that the plaintiff's " * * * diligent processing of his complaint through 27 months of intra-Union proceedings * * * " sufficiently exhausted such union remedies so as to permit the action to be maintained against the union for breach of its duty of fair representation. *Ibid.*, 523 F.2d at 312[8]. Similarly, where the international union's president, to whom the plaintiff's appeal would lie, had taken a definite position in an almost identical situation against the plaintiff's grievance, the district court's finding that the internal union remedies would be futile was upheld as

---

**2.** " * * * The Executive Board of the Union shall establish reasonable appeal procedures within the structure of the Union to review complaints of members which allege violation of the Constitution Local Bylaws, or the rights and privileges of members.

* * * * * * *"
C.W.A. constitution, article IX, section 7, appeal procedure.

not being clearly erroneous nor an abuse of discretion. *Verville v. International Ass'n of Mach. & Aero. Wkrs., supra,* 520 F.2d 621[8]. The exhaustion of such internal union procedures was not required where the plaintiff " * * * had resorted to the internal hearing procedures and * * * more than four months had elapsed from the date of the hearing before" * * * the suit was filed during which time the local union executive board had failed to act thereon. *McCraw v. United Ass'n of Journeymen & App. of Plumbing, Etc., supra,* 341 F.2d at 711[13].

The plaintiff Mr. Larimer, however, has totally failed to make any reasonable attempt to pursue his union's appellate process in an effort to resolve the difficulties between them. There exists no indication that such attempt would prove to be futile, and Mr. Larimer has not shown by affidavit that he has evidence to offer on a trial of such futility.

The pleading, exhibits, and affidavits on file herein show that there is no genuine issue of material fact extant between these parties, and that the defendant unions are entitled to a judgment as a matter of law. The motion of such unions for a summary judgment accordingly hereby is GRANTED. Rule 56(c), Federal Rules of Civil Procedure. Summary judgment will enter that the plaintiff Mr. Lawrence Larimer hereby is DENIED all relief for his failure to exhaust the internal remedies of his trade unions without prejudice to his proceeding in this Court for any relief than desired after such exhaustion.