Ray **WELCH et al., Plaintiffs,**

v.

The **MASON AND DIXON LINES, INC. et al., Defendants.**

**No. CIV–2–77–91.**

United States District Court, E. D. Tennessee, Northeastern Division.

Jan. 4, 1978.

See also, D.C., 507 F.Supp. 1069.

C. Berkeley Bell, Greeneville, Tenn., for plaintiffs.

James W. Bradford, Jr., Edwin O. Norris, and Charlton R. DeVault, Kingsport, Tenn., C. William Baab, Dallas, Tex., and Cecil D. Branstetter, Nashville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

A magistrate of this district recommended:

—that the motion of August 3, 1977 of the defendant Teamsters Local Union No. 549, Kingsport, Tennessee (Local) for a summary judgment be denied;

—that the motion of August 8, 1977 of the defendant Joint Council No. 87 (Council) to dismiss or for a summary judgment be granted;

—that the motions of August 8, and October 20, 1977 of the defendant The Mason and Dixon Lines, Inc. (Mason & Dixon) for a summary judgment be granted; and,

—that the motions of August 8, and October 20, 1977 of the defendant The Mason and Dixon Tank Lines, Inc. (Tank Lines) to dismiss or for a summary judgment be granted; but,

—that, if the Court rejected such recommendations (that the motions of all the defendants for a summary judgment be granted) the motion therefor of the defendant Mason and Dixon Lines, Inc. be granted.

The defendant Local served and filed timely written objections to such recommendation, that its aforementioned motion be denied on the ground that the plaintiffs failed to exhaust its internal remedies before commencing this lawsuit. The plain-

tiffs served and filed timely written objections to such recommendations, that the motion of all defendants for a summary judgment be granted, because (a) their complaint alleged insufficiently a breach by the Local of its duty of fair representation, (b) the plaintiffs could prove no such breach, and (c) that they alleged no breach of any contract to which the defendant Tank Lines was a party.

The Court hereby ACCEPTS such recommendation, 28 U.S.C. § 636(b)(1), that the motion of the defendant Council be granted; and summary judgment will enter that the plaintiffs are denied all relief on their claim herein against the defendant Joint Council No. 87. 28 U.S.C. § 636(b)(1); Rule 58(1), Federal Rules of Civil Procedure.

The Court hereby makes a de novo determination of those portions of such recommendations to which there were objections.

The plaintiffs alleged that Mason & Dixon[1] and Tank Lines, respectively, merged temporarily their respective operations by contract with the Local; that certain of the employees of Tank Lines were transferred thereunder to the employment of Mason & Dixon; that the aforementioned agreement provided that, upon any restoration of these operations to the respective formerly separate employers, "* * * each employee would revert back to his respective original seniority list and be employed under the respective contract under which he was previously employed * * *"; that 5 pre-merger operational employees of Tank Lines were not permitted to revert back to the seniority list of Tank Lines and be employed under the Local's bargaining contract with Tank Lines; that, after the operational reseparation of the operations of Mason & Dixon and Tank Lines, the plaintiffs and others were required by Tank Lines to train certain of its new employees, who were receiving lower wages than the plaintiffs and had less seniority than the plaintiffs; and that, after the completion of such train-ing, such new employees were employed by Tank Lines and added to its seniority list. The plaintiffs alleged furthermore that, as a result of the foregoing lack of reversion on the part of the 5 employees mentioned and the addition of such aforementioned new employees, they were "* * * laid off from their employment * * * for alleged lack of work. * * *"

The plaintiffs claimed therein that these matters violated the provisions of their Local union's contract with their former employer as well as the provisions of the national master freight agreement; that they filed a grievance for the above reasons with the Local which ultimately was decided adversely to their contentions; that they were not given notice of the hearing thereon or an opportunity to appear and be heard; that the defendant Local failed unfairly to investigate their claims and failed unfairly to put in issue their aforementioned contractual claims.[2]

■ The initial objection of the plaintiffs, *supra,* raised the question, whether they stated a claim on which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Jacksonville News. Print. P. & A. U. No. 57 v. Florida Pub. Co.,* D.C.Fla. (1972), 340 F.Supp. 993, 995[2], affirmed on other grounds, C.A.5th (1972), 468 F.2d 824, certiorari denied (1973), 411 U.S. 906, 93 S.Ct. 1531, 36 L.Ed.2d 196. "* * * [T]his [C]ourt must accept [the plaintiffs'] allegations of fact as true together with such reasonable inferences as may be drawn therefrom in [their] favor. * * *" *Murray v. City of Milford, Connecticut,* C.A.2d (1967), 380 F.2d 468, 470[1].

■ The plaintiffs claimed factually that they were denied reemployment and seniority rights accorded them under the agreement between the Local and their employer, and that the Local breached its duty to

---

1. In the absence of specific allegations, the Court assumes each of the plaintiffs was a maintenance employee of Mason & Dixon.

2. The plaintiffs amended their complaint, but such amendment comprised a mere expansion of their original claims.

them of fair representation thereunder, by processing their grievance resulting from such denial without appropriate investigation of their grievance and by failing to raise pertinent issues therein. They supported these conclusory allegations with a factual account of how this happened to them. Their allegations must be construed favorably to the plaintiffs. *Scheur v. Rhodes* (1974), 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96[4]. The Court hereby REJECTS the magistrate's recommendation that the defense motions be granted, *cf. Larimer v. United Inter-Mountain Telephone Co.*, D.C.Tenn. (1975), 428 F.Supp. 8, 10, on the premise that the plaintiffs failed to state a claim on which relief can be granted.

The inquiry does not end with the statement by the plaintiffs of a claim. " * * * It is the general rule that, before an employee may bring a suit against his union for the alleged breach of its duty of fair representation, he must first exhaust his available internal union remedies or show an adequate reason for failing to do so. * *

* * * 'The reason for this requirement is that intra-Union remedies are a part and parcel of the industrial in-house procedure for settling labor disputes. The primary benefit of requiring initial submission of employee complaints against a union that refuses to help process a grievance against a company is that internal machinery can settle difficulties short of court action. Thus, federal policy requires "staying the hand of 'judicial interference with the internal affairs of a labor organization until it has had at least some opportunity to resolve disputes concerning its own internal affairs.' " ' * * *

"The exhaustion of intra-union procedures is not mandatory in all cases; the Court has discretion to determine whether a litigant must pursue such internal union remedies. * * * 'When internal union remedies are inadequate or illusory, or when the union has taken a consistent position in opposition to that of a plaintiff, and exhaustion would therefore be futile, exhaustion is not required. * * * ' " *Ibid.*, 428 F.Supp. at 10–11[3].

Pretermitting the issue of the inadequateness or illusionariness of the Local's internal remedies, one purport of the defense is, and it was the decision on the plaintiffs' grievance, that such grievance was " * * * improper, * * * " because it had been determined earlier in grievance case no. 3S/469, Orie Hickman,[3] that, under an identical factual situation, similar circumstances, and the same contractual provisions, Mr. Hickman, also a maintenance employee of Mason & Dixon, was not entitled to any relief. It is represented by the underlying affidavit supporting this position of the defense that the Local " * * * was familiar with the factual circumstances and situation which give rise to plaintiffs' grievance, * * * " and that the hearing on their grievance was no different from that on the Hickman grievance.

The logical inference flowing therefrom is that the Local maintained consistently therein its position in opposition to the plaintiffs' present contentions. On the defendants' motion for a summary judgment, the inferences to be drawn from the underlying facts " * * * must be viewed in the light most favorable * * * " to the plaintiffs. *United States v. Diebold* (1962), 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176, 177 (headnote 1), cited and quoted from in *Adickes v. Kress & Co.* (1970), 398 U.S. 144, 158–159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142, 155.

---

**3.** The post-objections controversy between counsel for the plaintiffs and the Local as to whether signatures on a certain document are genuine appears to present more heat than light. " * * * In the absence of a statute the general rule is that a signature may be made for a person by the hand of another who acts in the presence of such person at his direction, request or with his acquiecence * * * [and] * * that a person may adopt a signature written by another by a subsequent approval and ratification. * * * " *Stoots v. State* (1959), 205 Tenn. 59, 73 (9, 10), 325 S.W.2d 532. The insistent dispute of the parties is subject to any proof encompassing that rule.

■ Thus, in the exercise of its discretion, this Court determines, for the purposes of the present consideration only, that pursuance by the plaintiffs[4] of their available internal union remedies would be futile, and that they are not required herein to pursue them. For such reason, the recommendation of the magistrate, that summary judgment be granted each defendant, hereby is REJECTED, and such motions hereby are DENIED. Rule 56(c), Federal Rules of Civil Procedure.

The final objection of the plaintiffs, *supra*, related to the question of whether they joined the defendant Tank Lines appropriately as a defendant herein. Only impliedly in their prayer for relief do the plaintiffs suggest in their complaint by whom they had been employed. Therein, they pray for reinstatement " * * * at Mason-Dixon, Inc. [sic: The Mason and Dixon Lines, Inc.] * * * " with a return of their seniority rights and benefits as well as backpay.

An affidavit, supporting Tank Lines' motion, indicates it has proof to offer on a trial that none of the plaintiffs were ever employed by Tank Lines, and that none of them filed any grievance under any bargaining agreement to which it is a party. Rule 56(e), Federal Rules of Civil Procedure. The plaintiffs set forth no specific facts by counteraffidavit or otherwise that there is a genuine issue between them and Tank Lines for trial. *Idem.* If the plaintiffs prove they were laid off erroneously, and that the Local's breach of its duty to them tainted the adverse decision on their grievance, they are entitled to an appropriate remedy against their former employer as well as against the Local. *Hines v. Anchor Motor Freight, Inc.* (1976), 424 U.S. 554, 572, 96 S.Ct. 1048, 1060, 47 L.Ed.2d 231, 246[1b]. But, they are entitled to no remedy against any nonemployer.

They have offered nothing to indicate they have evidence to offer on the trial that Tank Lines was their employer. " * * * 'It

has always been perilous for the opposing party [confronted with a motion for a summary judgment] neither to proffer any countering evidentiary materials nor file a Rule 56(f) affidavit. * * * ' " *Adickes v. Kress Co., supra,* 398 U.S. at 161, 90 S.Ct. at 1610, 26 L.Ed.2d at 156.

■ Tank Lines has carried its burden of showing the absence of any genuine issue of material fact between it and the plaintiffs, and that it is entitled to a summary judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure; *Adickes v. Kress Co., supra.* For such reason, such recommendation of the magistrate hereby is ACCEPTED, 28 U.S.C. § 636(b)(1), and summary judgment will enter that the plaintiffs are denied all relief on their claim herein against the defendant The Mason and Dixon Tank Lines, Inc. Rule 58(1), *supra.*

The objection of the Local to the magistrate's recommendation, that its motion for a summary judgment be denied, is that such recommendation is predicated erroneously upon the postulate that the plaintiffs are precluded from obtaining relief from the Local in the form of either restoration to their former positions or monetary damages. The Local misreads the magistrate's recommendation: the magistrate was discussing generally at that point the necessity that a union member exhaust available internal union remedies before resorting to judicial action and observed that compliance by the plaintiffs with the internal procedures of their union, as a precondition to the maintenance of this lawsuit, would not produce the ultimate relief they seek, i. e., reinstatement by their former employer with a return of their seniority rights and benefits and damages for their deprivation; thus, that those available remedies were inadequate, illusory and not required to be exhausted by the plaintiffs.

The Court rejected the recommendation of the magistrate, that the motions to dis-

---

**4.** So far as can be ascertained, no party hereto provided the Court with documentation of the internal remedies the Local has available for its members. The Local paraphrased them on No-

vember 16, 1977, and they do not appear to this Court to represent the paragon of effective means of relief.

miss or for a summary judgment of all defendants be granted, in acting upon the plaintiffs' objections. In so doing, the Court pretermitted consideration of whether the Local's available remedies are inadequate or illusory and rested its determination upon yet another basis authorized by *Verville v. International Ass'n of Mach. & Aero. Wkrs.*, C.A.6th (1975), 520 F.2d 615, 620[6, 7], also relied upon by the magistrate.

For the reasons assigned in adjudicating the plaintiffs' objections to the magistrate's recommendation concerning the plaintiffs' exhaustion of the Local's internal union procedures, *supra*, the motion of August 3, 1977 of the Local for a summary judgment hereby is DENIED.

See also, D.C., 507 F.Supp. 1064.