Fred BEE and William
Tucker, Plaintiffs,

v.

LOCAL 719, UNITED AUTO
WORKERS, Defendant.

No. 89 C 3736.

United States District Court,
N.D. Illinois, E.D.

July 18, 1990.

Gerald A. Goldman, Arthur R. Ehrlich, Goldman & Marcus, Chicago, Ill., for plaintiffs.

Michael B. Erp, Harold A. Katz, Denise Poliak, Katz Friedman Schur & Eagle, Chicago, Ill., for defendant.

MEMORANDUM OPINION
AND ORDER

ASPEN, District Judge:

Fred Bee and William Tucker claim that Local 719 of the United Auto Workers ("Union") violated their rights under the Labor–Management Reporting and Disclosure Act, 29 U.S.C. § 411 ("LMRDA"). The Union has filed and a motion to strike certain of the plaintiffs' factual exhibits

and a motion for summary judgment. For the reasons given below, we grant both of these motions.

### A. MOTION TO STRIKE

■ The Union moves to strike paragraphs 9, 13, and 14 of Bee's Affidavit and Exhibits 1, 2, 3, 6, 7, 8, 9, 10 and 11 to the plaintiffs' memorandum in opposition to the motion for summary judgment. The Union contends that we should grant the motion because the affidavit and exhibits do not comport with the requirements of Fed.R. Civ.P. 56. We agree and grant the motion to strike in its entirety.

Fed.R.Civ.P. 56(e) provides, in part that:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

These requirements are not to be taken lightly. "The requirements of Rule 56(e) are set out in mandatory terms and the failure to comply with those requirements makes the proposed evidence inadmissible during the consideration of the summary judgment motion. Supporting materials designed to establish issues of fact in a summary judgment proceeding must be established through one of the vehicles designed to insure reliability and veracity. When a party seeks to offer evidence through other exhibits, they must be identified by affidavit or otherwise made inadmissible in evidence." *U.S. v. Northwest Commerce Bank*, 727 F.Supp. 403, 405 (N.D.Ill.1989), *quoting Friedel v. City of Madison*, 832 F.2d 965, 970 (7th Cir.1987).

We find that paragraphs 9, 13 and 14 of Bee's affidavit do not meet the requirements of Rule 56 because they rest on hearsay, and are therefore not based on personal knowledge as required by Rule 56(e). Paragraph 9 is premised by the statement, "William Cobb informed me....." Therefore, this paragraph is based on hearsay, and is inadmissible. In opposition to the motion to strike, Bee argues that William Cobb is an agent of the Union. However, this contention is wholly unsupported by any properly submitted facts. Paragraphs 13 and 14, which discuss grievances filed by other Union members, also rest on hearsay and matters beyond the scope of Bee's personal knowledge. Both paragraphs are "based on a review of information and documents obtained through discovery and on conversations with various Union representatives who are involved in handling grievances ..." (Bee Aff., ¶ 13). Essentially, this admission that Bee's statements are based on Union documents is a concession that he lacks personal knowledge of the matters to which he attests. Accordingly, we strike paragraphs 13 and 14.

Exhibits 1, 2, 3, 6, 7, 8, 9, 10 and 11 are various documents which are submitted in opposition to the motion for summary judgment. Bee and Tucker have failed to "identify these materials by affidavit or otherwise [make the documents] admissible in evidence." *Friedel v. City of Madison*, 832 F.2d at 970. Although plaintiffs' counsel argues that a proper foundation could be laid for these documents at trial, no such foundation is presented in opposition to the motion for summary judgment. We cannot forsake the mandatory and specific requirements of Rule 56 on the strength of the promise of plaintiffs' counsel that these exhibits could be made properly admissible at another time. Therefore, we grant the Union's motion to strike the exhibits.

### B. MOTION FOR SUMMARY JUDGMENT

Fred Bee and William Tucker are both employees of the Electro–Motive Division of General Motors. Bee and Tucker are represented in collective bargaining by Local 719 ("Union") of the United Automobile, Aerospace and Agricultural Implement Workers of America ("International Union"). In addition to local and national collective bargaining agreements, Union affairs are governed by the Constitution of the International Union. Among the provi-

sions of this constitution is a process through which disgruntled union members may appeal the actions of their local unions.

Bee and Tucker are two such disgruntled union members. They complain that the Union has retaliated against them for their outspoken criticism. Both claim that the Union has held up their grievances against Electro–Motive at Step II of the grievance procedure. In addition, Bee contends that, despite his exemplary attendance, the Union improperly placed him in an absentee program for employees with attendance problems. Bee and Tucker claim that they have invoked the internal grievance procedure of the International Union to challenge the Union's actions. However, they maintain that the process is too biased and lengthy to afford them any meaningful relief.

The Union contests these claims. According to the Union, despite their opposition to the Union, Bee and Tucker were treated in the same manner as any other Union member. While the Union acknowledges that Bee was placed in an attendance program, it contends that he was placed in this program for a six-month period as a result of poor attendance. Finally, the Union maintains that Bee and Tucker have failed to avail themselves of the Union's internal grievance procedure which is unbiased and effective. Accordingly, the Union contends it is entitled to summary judgment.

## STANDARD OF REVIEW

■ "A motion for summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Checkers, Simon & Rosner v. Lurie Corp.*, 864 F.2d 1338 (7th Cir.1988) (citation omitted). The moving party bears the burden of establishing the absence of any disputed facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If, however, the nonmoving party bears the burden of proving an issue at trial, it also bears the burden of presenting sufficient facts on summary

judgment from which a trier of fact could find in its favor, and the moving party need only "[point] out to the District Court ... that there is an absence of evidence to support the nonmoving party's case." *Id.* 106 S.Ct. at 2554; *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir.1988). In deciding a motion for summary judgment, the court must read all facts in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Richardson v. Penfold*, 839 F.2d 392, 394 (7th Cir.1988).

## DISCUSSION

The Union contends that it is entitled to summary judgment for two reasons. First, it contends that Bee and Tucker have failed to exhaust the remedies provided by the International Union's internal grievance procedure. Second, the Union argues that there are no facts on the record which would sustain a cause of action under the LMRDA. However, because we find that Bee and Tucker have failed to exhaust their internal union remedies, we decline to consider the merits of their LMRDA claim.

■ Under § 101(a)(4) of the LMRDA, a union member "may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organization or any officer thereof...." 29 U.S.C. § 411(a)(4). This section grants a court the authority to require a plaintiff to exhaust internal union remedies before bringing a claim in federal court. *See e.g. Chadwick v. International Broth. of Elec. Workers*, 674 F.2d 939, 941 (D.C.Cir.1982). However, this authority is permissive rather than mandatory. Among the factors to be considered are whether the internal remedies are reasonable and fair, whether exhaustion would be futile and whether requiring the plaintiff to pursue internal remedies would create an unreasonable delay. *See, e.g., Johnson v. General Motors*, 641 F.2d 1075, 1079 (2nd Cir.1981); *Semancik v. United Mine Workers of America*, 466

F.2d 144, 150 (3d Cir.1972); *Maier v. Patterson*, 511 F.Supp. 436, 440 (E.D.Pa.1981).

 Neither Bee nor Tucker seriously contend that they have exhausted their internal union remedies in this case. Bee suggests that a letter written to the Union's Executive Board constitutes an appeal for the purposes of the exhaustion requirement. (Ex. A, Declaration of Juanita Lane). However, not only was this letter written after the date this suit was filed, but the contents of the letter are unrelated to the current dispute. Moreover, nowhere in the letter does Bee indicate that he is attempting to appeal any of the Union's actions.

Rather than arguing that they have exhausted their union remedies, Bee and Tucker contend that we should not enforce the exhaustion requirement in this case. They claim that it would be futile to employ the internal process because the Union is biased against them. Bee and Tucker also maintain that they should be allowed to proceed in this forum because the internal union process would be too time consuming.

We find that neither of these grounds constitutes a sufficient cause to excuse Bee and Tucker from pursuing union remedies. First, there is nothing on the record to support the contention that the plaintiffs would not receive fair consideration of their claim in a union forum. Bee and Tucker would receive a fair consideration of their claims even if officials of the Union were biased against them. While the first step of the International Union's appellate process requires the grievant to appeal to local union officials, the grievant may also appeal to the Executive Board of the International Union and an independent Public Review Board. We can perceive no unfairness in this procedure. Indeed, other courts have recognized the fairness and adequacy of the International Union's internal remedies. *See, e.g., Baldini v. Local U. No. 1095, Intern. U., Etc.*, 581 F.2d 145, 149 (7th Cir.1978) (collecting cases) (*overruled on other grounds*). In addition, we reject the contention that the appeal process would take longer than the four-month limit prescribed in § 101(a)(4). Because Bee and Tucker have completely skirted the internal remedies available to them, their attack on the length of the proceedings is pure speculation. Accordingly, the Union is entitled to summary judgment because Bee and Tucker have failed to exhaust their internal remedies.

## CONCLUSION

For the foregoing reasons, we grant the Union's motion to strike and its motion for summary judgment. It is so ordered.