Carol ROBINSON, Plaintiff,

v.

The CENTRAL BRASS MANUFACTUR-
ING COMPANY, et al., Defendants.

No. 1:90CV1949.

United States District Court,
N.D. Ohio, E.D.

Dec. 17, 1991.

See also 818 F.Supp. 207.

Mark D. McGraw, Cleveland, OH, for plaintiff.

Mark Webber, Carol E. Cormary, Bernard S. Goldfarb, Cleveland, OH, for defendant Central Brass Mfg. Co.

Betty E. Grdina, Ashtabula, OH, for the Union.

## MEMORANDUM AND ORDER

WHITE, District Judge.

On April 11, 1991, the Court granted the Company's motion for summary judgment in this action brought under the Labor Management Relations Act, 29 U.S.C. § 185, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1870, 42 U.S.C. § 1981 along with a state claim under Ohio Revised Code Section 4123.90. The plaintiff did not address the defendant's arguments concerning the Title VII, § 1981 and the state claims. The Court determined that the claim under the Labor Management Relations Act was barred by the sixth month statute of limitations found in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The Union has now filed a motion for summary judgment on the same grounds.

The plaintiff argues that the statute of limitations was tolled while she was pursuing her internal union remedies. The Union decided that her grievance had no merit and that it would not be advanced to arbitration. The notice she received from the Union provided that she may appeal this decision and that she could not appeal to a court or governmental agency until her rights of appeal under the laws of the Union were exhausted. Article 16 of the Local No. 1196 By-Laws. The Court held that plaintiff's Union appeal could not have resulted in reinstatement to her job and that the appeal was optional, not

mandatory. Therefore, the statute of limitations was not tolled.

It is asserted by plaintiff that the Local Union By–Laws and the International Union's Constitution forbade lawsuits until completion of internal union procedures. Plaintiff should not be penalized for attempting to abide by the Union's By–Laws and Constitution.

 The Union requires exhaustion under its rules before a member may file suit against it. However, the Collective Bargaining Agreement between the Union and the Company provided in paragraph g,

"In the event a grievance is not filed or processed within the time limits set forth in Paragraphs a, b, c, e and f above, it shall be barred from further processing in the grievance and arbitration procedures."

The Union withdrew plaintiff's grievance so it was not processed within the required time limits. The result was that it was barred from further processing. Even if plaintiff was successful in her internal union appeal she could not get reinstatement or anything else from the Company. As far as the Company was concerned the grievance was terminated when the Union did not timely continue processing it. Plaintiff should not be required to exhaust Union remedies if to do so would be futile. *Bee v. Local 719, United Auto Workers,* 744 F.Supp. 835, 837 (N.D.Ill. 1990). Exhaustion of internal remedies in this case should be optional, not mandatory where exhaustion could not bring about the desired goal of reinstatement of the grievance. It appears that the Union By–Laws and Constitution are inconsistent with the Collective Bargaining Agreement. Furthermore, requiring plaintiff to pursue internal union remedies should not be mandatory if it would create an unreasonable delay. *Id.* Plaintiff's discharge became final in November 1989. As of March, 1990 she was still waiting for a decision from the Union on her appeal.

The Collective Bargaining Agreement in effect at the time of this incident allowed reinstatement of a grievance that was improperly withdrawn by the Union upon mutual agreement by the Company and Union or if an agency or court decides that it was improperly withdrawn. The Bargaining Chairman of Local 1196, James Wolske, states that the word "agency" is interpreted by the Company to only include the Equal Employment Opportunity Commission and the Ohio Civil Rights Commission. It does not include any bodies or boards of the Union's internal appeals procedure. The present Collective Bargaining Agreement does not contain this provision. Therefore, exhaustion of internal union remedies could not result in reinstatement of the grievance. So exhaustion was not mandatory and the statute of limitations was not tolled. The Sixth Circuit has held that a Section 301 claim accrues against the company when it accrues against the Union. *Fox v. Parker Hannifin Corporation,* 914 F.2d 795, 803 (6th Cir. 1990).

Accordingly, the UAW's motion for summary judgment is granted in its entirety for the same reasons discussed in the Court's Memorandum And Order as to the Company's motion for summary judgment.

IT IS SO ORDERED.